### CHARLEY McMAHAN v. THE STATE.

*No. 2937. Decided January 31.*

**Malicious Mischief — Evidence.** — On his trial for wilfully and wantonly killing swine, to rebut wilfulness and wantonness the defendant may show, (1) that at the time the hogs were killed they were in his field destroying his corn; and (2) that his field was surrounded with a good fence. That the field was in a subdivision of the county in which the hog law was in force would not affect the admissibility of such evidence for the purpose indicated.

APPEAL from the County Court of Madison. Tried below before Hon. J. C. Morris, County Judge.

The defendant was convicted of wilfully and wantonly killing hogs, and his punishment assessed at a fine of $5.

The questions decided on this appeal do not require a statement of the evidence farther than is given in the opinion.

No brief for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—Defendant was charged by information with wilfully and wantonly killing two swine. He offered to prove by the

State's witness Morgan that at the time the hogs were killed as testified by said witness they were destroying his, defendant's, corn in defendant's field, and the court refused to allow him to make said proof. Defendant also proposed to prove by said witness that at the time said hogs were killed as aforesaid in defendant's enclosure said enclosure was surrounded with a good fence, which latter testimony was objected to by the State upon the ground that the enclosure, when the hogs were killed, was in a subdivision of the county in which the hog law was in force; and this objection was sustained and the evidence excluded.

The Assistant Attorney-General confesses error in these rulings of the court, and cites us to Brewer v. The State, 28 Texas Court of Appeals, 565, in which the identical evidence was proposed and refused in a similar prosecution, and in which case it was held "that the proposed evidence was admissible to rebut the wilfulness and wantonness of the act, and that its exclusion was error." Willson's Crim. Stats., sec. 1169.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Willson, J., absent.