## Wiley Hill v. The State.

### No. 4435.   Decided March 3, 1909.

**Theft of Horse—Evidence—Accomplice.**

Where upon trial for theft of horses, defendant's codefendant turned State's evidence and implicated the defendant in the theft, and the next day testified that his former testimony was entirely false and that he had committed perjury, and that the defendant had nothing to do with the taking of the property; and outside of this testimony the State had a very weak case, and defendant testified to an alibi which was to some extent corroborated, the conviction could not be sustained.

Appeal from the District Court of Scurry.   Tried below before the Hon. Cullen C. Higgins.

Appeal from a conviction of theft of horses; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of horse theft, his punishment being assessed at four years in the penitentiary.

The evidence discloses that M. C. Sliger lived a few miles from Snyder, county seat of Scurry County, and was the owner of three horses; that they were taken from his pasture on Monday night, the sixteenth of the month. It is shown that the witness Davis took the horses and traveled with them through different counties disposing of them at different points. The theory of the prosecution is that appellant Davis and his brother (Monroe Davis) took the horses and that Billie Davis disposed of them. Billie Davis took the stand as a witness and testified for the State to the effect that he and appellant and a party, whose name he refused to divulge, took the horses and that he himself took them away and disposed of them; that this occurred on Monday night, the sixteenth. He further states that he had entered into a contract with the district attorney by which he was to testify to certain facts, which are set out in a written statement signed by him in the record, and which places himself and appellant at the place and time the horses disappeared; and in fact that they took them and that he carried them away and disposed of them. His contract was, further, that he was to be released from all the prosecutions except one in which he was to plead guilty and receive the minimum punishment, and also states that this contract, so far as he knew, was carried out; that he had plead guilty and received two years as his punishment for participancy in the theft; that he had not been sentenced and

was testifying in accordance with his contract and the testimony as written out by the district attorney. The following day he again took the stand and stated, in substance, that he had fulfilled his contract and testified for the State implicating the appellant, but that he now desired to tell the truth about it, and being somewhat conscience stricken desired to recant his former testimony and tell the truth. He also states that his former testimony was entirely false and that he committed perjury, and that appellant was not present and had nothing to do with taking the horses. His testimony was detailed at some length and the cross-examination by the defendant when he first testified and his cross-examination by the State when he last testified, was rather acrimonious. Outside the testimony of this accomplice, the State had a very weak case, if in fact there was evidence justifying a conviction, even conceding he was corroborated. Appellant testified to an alibi, placing himself at another point, quite a number of miles away at the home of his father-in-law. He is corroborated to some extent by State's witnesses to the effect that he (appellant) was at this little village early Tuesday morning. It is unnecessary to go into a detailed statement of the corroborating evidence as we are not here passing upon the sufficiency of the evidence if the accomplice had adhered to his original story. We are unwilling to sanction a judgment upon a record of this character. The accomplice had sworn positively both ways, and in his latter statement, that he had committed perjury in placing appellant at the scene of the theft, and that the truth is appellant was not there. This evidence comes in entirely too questionable shape to form the basis for the incarceration of men in the penitentiary. We have not been able to find a case precisely in point among the decisions. A somewhat analogous case is reported in the 44 Texas, Mann v. State, 642. The opinion was by Judge Gould, concurred in by Chief Justice Roberts and Associate Justice Moore. In that case the appellant was convicted for the rape of Teresa Lotke. Among other things it is said by the court: "That the witness, Teresa, after the trial, made oath that her first statements when on the stand, to the effect that the accused had not injured her, were true, and her statements to the contrary were made not knowing their bearing, and were untrue; that her mother, Mrs. Lotke, likewise swore, in support of the motion for new trial, that her daughter was weak-minded and unreliable." This was made a ground of the motion for a new trial on the theory of its being newly discovered. The court further says: "We think the case was such as required that the motion for a new trial should be granted. It has been held a good ground for new trial in civil cases that a material witness had since the trial been convicted of perjury on his own confession. (Great Falls Man'f. Co. v. Mathes, 5 N. H. 574.) So where a witness makes affidavit of his own mistake. (Richardson v. Fisher, 1 Bing.,

145.) Looking at the entire case, including the affidavits, it is our opinion that the guilt of the appellant was left too uncertain, and the character of the evidence against him appeared too frail and unreliable, to justify the court in refusing him another trial."
. To the same effect is Heskew v. State, 14 Texas Crim. App., 606; Lindley v. State, 11 Texas Crim. App., 283; Dennis v. State, 5 Amer. Crim. Rep., 469, same case 103 Ind., 142; Keenan v. The People, 4 Am. Crim. Rep., 434, same case 104 Ills., 385.

As this record presents this case on the testimony and the effect of this accomplice's evidence, we are unwilling to affirm this judgment.

The matters growing out of the application for continuance will not be revised, as the absent testimony may be obtained upon another trial.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*