### LAWRENCE SMITH v. THE STATE.

#### No. 5580. Decided December 17, 1919.

**1.—Rape—Evidence—Character of Witness.**

Upon trial of rape, there was no reversible error in permitting State's counsel on cross-examination of defendant's witness to show that she was a common prostitute, etc.

**2.—Same—Defendant as a Witness—Other Transactions.**

Upon trial of rape, it was reversible error to permit State's counsel to show that defendant had carnal intercourse with the sister of the female whom he was alleged to have raped.

3.—Same—Insufficiency of the Evidence.

See opinion in which the court expresses grave doubt as to whether the verdict should be permitted to stand under the facts. Following: Galaviz v. State, 82 Texas Crim. Rep., 377, 198 S. W. Rep., 946, and other cases.

Appeal from the District Court of Potter. Tried below before the Hon. Henry S. Bishop, judge.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Pearson & Monning*, for appellant.—On question of other offenses: Roquemore v. State, 59 Texas Crim. Rep., 568, 129 S. W. Rep., 1120; Nichols v. State, 75 Texas Crim. Rep., 67, 170 S. W. Rep., 304; Williams v. State, 82 Texas Crim. Rep., 48, 198 S. W. Rep., 316; Lacoume v. State, 65 Texas Crim. Rep., 146, 143 S. W. Rep., 626; Poulter v. State, 72 Texas Crim. Rep., 140, 161 S. W. Rep., 475.

On question of insufficiency of the evidence: Logan v. State, 66 Texas Crim. Rep., 506, 148 S. W. Rep., 713; Mitchell v. State, 28 id., 475; State v. Goodale, 109 S. W. Rep., 9.

*Alvin M. Owsley*, Assistant Attorney General, for the State.—On question of sufficiency of the evidence: Henard v. State, 47 Texas Crim. Rep., 168; Rowan v. State, 57 Texas Crim. Rep., 625, 124 S. W. Rep., 668; Claridy v. State, 66 Texas Crim. Rep., 351, 147 S. W. Rep., 568.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Potter County, of the offense of rape, and his punishment fixed at five years in the penitentiary.

Appellant was charged with the rape of one Mary Graham, alleged to be a female under the age of fifteen years.

The record discloses that Mary Graham lived with her mother, older sister, and two younger sisters, in a two-room house in Amarillo, at the time of the alleged commission of this offense, and that she was about twelve or thirteen years of age. Upon the trial the prosecutrix testified very positively to the disgusting and revolting details of the occurrence, fixing its time as being in the morning before breakfast, some time before last Christmas; stating also that her mother was present and consenting to all that was done, and that her mother withdrew into the adjacent room after appellant and prosecutrix had gotten into bed together; and that she gave her mother a part of the money which she says appellant paid to her for such carnal favors. The proof further shows that the older sister who was only sixteen years of age at the time of this occurrence, was a common prostitute, and that the mother,

who had borne many children, was also at said time one of the same unfortunate class.

The mother testified as a witness for the State, and the sister as a witness for the appellant. While the sister was on the stand testifying, she was asked by the State's attorney, and stated over objection of appellant, that she was a common prostitute. In this there was no error. She was also asked, and stated over objection of appellant, if she had not had intercourse with appellant, and answered that she had.

While on the witness stand as a witness for himself, appellant was asked if what said witness had stated with regard to having had intercourse with him was true. Objection was made to this, was overruled, and appellant answered that he could not deny it. We think such evidence inadmissible. The witness was a common prostitute, so that her bestowal of carnal favors upon appellant for money or otherwise, would not affect her bias or interest as a witness in the case, and appellant being charged with rape upon a sister—a younger girl than witness, who was herself barely over the age of consent—the fact that he had intercourse with the sister of prosecutrix could only be prejudicial and injurious to the appellant. There was no issue in the case, upon which we can predicate the admissibility of such testimony, and we can readily see how it might be taken by the jury as a damaging circumstance against him.

In reversing this case, we feel impelled to say that we have grave doubt as to whether the verdict should be permitted to stand, under the facts. The prosecutrix, while only a young girl, gave testimony which shows her also to be a common prostitute, if such facts be true. Her mother admitted on the stand that such was her occupation, and upon the testimony of these two witnesses, the State rested its case.

Added to the fact of the unfortunate state of these two witnesses, further light is shed by the character of their testimony, which will be seen from the following statement, to wit: this trial was in May, 1919, and the prosecutrix testified that the alleged acts of intercourse with appellant, which formed the basis of this prosecution, took place at her mother's house, as stated above, one morning before Christmas; that it was the only time appellant ever had or attempted to have intercourse with her; upon cross-examination she stated that some three weeks before the instant trial, while a witness at the trial of one May Dollar, prosecutrix had testified that she had had intercourse in the Star Hotel in Amarillo, with twelve or fifteen grown men upon different nights, each man remaining with her in the carnal act for five or more minutes, and each going through the usual motions of men engaged in such acts; and that each paid her the sum of three dollars therefor; and that appellant was one of those men having such

intercourse with her at said hotel; that he had such intercourse with her there one or two times. She further said that she gave fifty cents of the money derived from each such sexual act, to May Dollar, and the remaining $2.50 to her mother, who knew of her acts in this connection at said hotel.

The mother swore that the transaction between prosecutrix and appellant was at her house, at about nine o'clock at night, either in January or February, and that the child gave her $2 of the money she got from appellant and kept the remainder. She also admitted that she testified on the trial of May Dollar that she knew the child had intercourse with appellant several times at the Star Hotel.

In addition to the above absolutely contradictory admissions and statements of these two witnesses, a number of people testified, without contradiction, to the bad reputation for truth, veracity, and chastity of both the mother and the prosecutrix. Lastly, but by no means the least, several apparently reputable and disinterested physicians testified that they had made a personal examination of the prosecutrix, and that her hymen was intact; and these gentlemen stated that it would have been almost, if not quite, a physical impossibility for her to have had intercourse with the number of men of whom she testified, and still be found in the condition in which they found her private parts. The enumeration of these various matters seems to us all that is necessary to show why we have such grave doubts as to the sufficiency of this testimony. A woman may be accused of being a prostitute when she is not, but all doubt is removed when she admits it herself. A witness may be contradicted by other witnesses, and yet be telling the truth, and be believed; but when the witness deliberately and under oath admits that in relation to the very matters about which she is now testifying, she testified not long since directly to the opposite and contradictory of her testimony in the instant case, one is not only unable to decide which is true, but doubt is engendered as to the truth of either statement; and when the general reputation of such witness shows that the people generally who know her, do not expect truth from such a source, the doubt increases; and when the physical improbability of the truth of the testimony given is established, the doubt becomes exceedingly serious. See Galaviz v. State, 82 Texas Crim. Rep., 377, 198 S. W. Rep., 946; Blair v. State, 56 S. W. Rep., 622, and authorities cited.

For the reasons above mentioned, the cause is reversed and remanded for a new trial.

*Reversed and remanded.*