### J. D. Atkinson v. The State.

No. 7358. Decided January 24, 1923.

**Selling Intoxicating Liquor—Representation by Counsel—Reversible Error.**
    Although appellant may not have been free from blame or lack of diligence in securing the services of an attorney, but the record showing that

he was undertaking to do so just prior to his trial and that many things would have been different if he had been so represented, and it further appearing from the record, that the only State's witness admitted to witnesses that he never bought whisky from appellant, who attached their affidavits to a motion for a new trial, and from an examination of the entire record, justice demands a reversal of the judgment the same is here had and the cause remanded.

Appeal from the District Court of Bowie. Tried below before the Honorable P. A. Turner.

Appeal from a conviction of selling intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Sid Crumpton,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, Judge.—Appellant was charged with selling intoxicating liquor to one Albert Tucker. Upon conviction his punishment was assessed at confinement in the penitentiary for two years.

Upon the trial appellant was not represented by counsel and the record is before us without bills of exception or objections of any kind to the charge of the court, or to any other proceeding in the trial of the case. After conviction appellant secured the services of an attorney. It is made to appear in the motion for a new trial that appellant had been negotiating with Mr. Sid Crumpton looking to his employment, and that on Monday preceding the trial on Thursday a fee had been agreed upon, and if appellant was able to raise the money he was to notify said attorney who lived at Texarkana, some twenty-two miles distant from the county seat of Bowie County. Appellant did not notify the attorney, claiming in his motion for new trial that he was relying upon his presence at the court on Thursday, at which time he thought he would be in a condition to secure his services. When the case was called for trial on Thursday appellant telephoned Mr. Crumpton who advised appellant that it would be impossible for him to reach the courthouse before one o'clock. Crumpton then called the district attorney, requesting him to ask the court to postpone the case until that hour. This request was presented but refused by the court, and appellant placed upon trial. It is further made to appear by the affidavit of the district attorney that the jury panel was exhausted, making it necessary to summon other jurors, whereupon he notified appellant at that time that it would be one o'clock before the jury panel could be completed and he would still have time to get Mr. Crumpton there, at which time he says appellant replied that it was only a matter of his word against Tucker's and that he thought he would not need an attorney. It is further made to ap-

pear that the case had been originally set for Monday with other cases, but that for some reason not disclosed by the record the court had recessed until Thursday. What order, if any, was made in the instant case upon Monday does not appear in the record. Process for several witnesses had been issued at the instance of appellant and had been served, and the witnesses were present on the Monday in question. Whether they were notified to report on Thursday the record does not show. Attached to the motion for new trial are copies of three indictments against the prosecuting witness, Albert Tucker, in which he is charged with having on three separate occasions sold intoxicating liquor to one R. W. Childress. These indictments were returned on the 8th day of December, 1921. After Tucker had remained in jail about two months he went before the grand jury and upon his testimony the indictment against appellant was returned on February 28, 1922. Tucker testified upon the trial that he bought whisky from appellant. Without the aid of an attorney appellant undertook to represent himself the best he could, and elicited from Tucker on cross-examination that he was under indictment for selling the very same whisky that he (Tucker) claimed to have purchased from appellant. It does not appear from the record whether the State had made an agreement with Tucker promising to dismiss the prosecution against him in the event he testified against appellant. But it does appear from affidavits attached to the motion for new trial that three witnesses who had been summoned and were present in court on Monday, but not present on Thursday, were each acquainted with Albert Tucker; knew when he was confined in jail on a charge of selling intoxicating liquor, and that after he had appeared before the grand jury and that body had returned the indictment against appellant Tucker was released from jail; that each of the witnesses had conversations with said Tucker, in which he stated that he had not bought whisky from appellant, but had to save himself and get out of jail.

Appellant testified upon the trial, denying that he had ever at any time sold intoxicating liquor to the witness Tucker. Upon re-examination of Tucker by the State he testified that he had bought whisky from appellant on five different occasions. No objection was urged to this testimony by appellant who, in the absence of counsel, presumably did not know that it was objectionable to develop the commission of alleged different offenses. Upon this state of the record it is insisted that in the interest of justice the trial judge should have granted a new trial, and his refusal to do so is presented to this court as error.

Appellant may not have been free from blame or lack of diligence in securing the services of an attorney, but the record shows that he was undertaking to do so on Monday prior to the trial of this case, and if an attorney had been present many things could have been developed relative to the witness Tucker, which appellant did not place in the

record. It appears from the affidavits of the witnesses attached to the motion for new trial that Tucker not only admitted to them after being released from jail that he never bought whisky from appellant, but gave as his reason for testifying that he did do so, was for the purpose of securing his own release. This was an admission by the only witness used by the State that his testimony against appellant was false, and if the witnesses making the affidavits are to be believed it absolutely destroys the State's case. Under these circumstances this evidence was more than impeaching in its character. (Sec. 202, p. 129, Branch's Ann. P. C.) If appellant had had an attorney an application for continuance might have been available on account of the absence of these witnesses. Other affidavits are attached to the motion for new trial from many witnesses who would testify that they were acquainted with the witness Tucker and knew his reputation for truth and veracity to be bad. This would be purely impeaching in its character and cannot be considered upon this record only as it may be persuasive in connection with the other matters set out.

It appears to us from an examination of the entire record that justice demands that this case be sent back for retrial in order that the facts may be fully developed and an apparent injustice to appellant be avoided. The judgment is reversed and the cause remanded.

*Reversed and remanded.*