### ISOM GREEN v. THE STATE.

Decided April 25, 1923.

Rehearing Denied June 20, 1923.

1.—Selling Intoxicating Liquors—Motion for New Trial—Retraction of Testimony.

Where the conviction for selling intoxicating liquor depended mainly upon the testimony of the alleged purchaser, to the effect that he bought intoxicating liquor from the defendant and paid for it, and it appeared in the motion for new trial, supported by the affidavit of said witness, that he had retracted said testimony, and that the same was untrue, a new trial should have been granted. Following Atkinson v. State, 247 S. W. Rep., 286, and other cases.

2.—Same—County Attorney—Commendation of Officer.

The action of the county attorney in following the case to this court, filing a brief therein, and thoroughly discussing the authorities on both sides of the question is commended.

3.—Same—Rehearing—Retraction of Testimony—Practice on Appeal.

The motives and reasons for the retraction of testimony supporting the conviction cannot be considered by this court, and the reason for granting a new trial in such case goes deeper and rests on the proposition that a citizen should not be punished or deprived of his life or liberty upon the testimony of one whose veracity has been shown to be wanting, and a new trial should have been granted.

Appeal from the District Court of Collin. Tried below before the Honorable F. E. Wilcox.

Appeal from a conviction of selling intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*John Doyle,* for appellant.

*R. G. Storey,* Assistant Attorney General, and *A. M. Wolford,* for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Collin County of the offense of selling intoxicating liquor, and his punishment fixed at two years in the penitentiary.

We consider but the single question of the alleged error in refusing a new trial. The conviction rested upon the testimony of Jim Williams who said he bought four pints of liquor from appellant on the date relied on by the State, paying him $1.50 for each pint. In addition to the testimony of this witness the State offered as part of its rebuttal the testimony of the constable of the precinct in which appellant lived, who said that on the morning after the date of the alleged sale he searched the house of appellant and found about a tablespoonful of whisky in a bottle between the kitchen and the smoke-house, and in the smoke-house found a copper pot or boiler such as constitutes part of a still, and found about a fourth of a barrel of mash. This was the State's case.

In support of his motion for new trial appellant attached an affidavit that State witness Williams had retracted and stated that his testimony as given on the trial was untrue. The learned trial court heard evidence in support of this motion and on said hearing Jim Williams appeared and swore that his testimony as given on the trial was false, and that he in fact did not buy any liquor from appellant as testified to by him upon the trial. The motion for new trial was overruled. As stated, the only error claimed and here discussed is the refusal of said new trial.

In support of the contention that the new trial should have been granted appellant cites Mann v. State, 44 Texas, 642; Hill v. State, 55 Texas Crim. Rep., 407, 117 S. W. Rep. 134; Heskew v. State, 14 Texas Crim. App. 606. The State contends that these are not soundly in point and cites Estrada v. State, 15 S. W. Rep. 645;

McMahan v. State, 16 S. W. Rep. 171; Brown v. State, 58 S. W. Rep. 130; Carter v. State, 75 Texas Crim. Rep. 110, 170 S. W. Rep. 740; Atkinson v. State, 93 Texas Crim. Rep. 305, 247 S. W. Rep. 286.

We are of opinion that the conviction should not stand. We do not care to lengthen the opinion by a discussion of the cases mentioned, but believe them to announce the rule that when the State is compelled to rely for its conviction upon the testimony of a witness who afterward and before the motion for new trial is acted upon, retracts the truth of said testimony and himself appears before the court and under oath affirms that the testimony as given by him originally was not true; and when the facts show that without such testimony the State has no case, the conviction should be set aside. In McConnell v. State, 82 Texas Crim. Rep. 634, this court held that it being satisfactorily shown that the prosecuting witness had retracted the inculpatory testimony given by him at the trial and it being further shown that said witness had been convicted of a felony, the motion for new trial should have been granted.

The Assistant Attorney General representing the State with this court is tremendously crowded with work, and we desire to commend the action of the county attorney of Collin County in following this case to this court and here presenting and filing a brief thoroughly discussing the authorities on both sides of this question.

For the reason stated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING.

June 20, 1923.

LATTIMORE, JUDGE.—To grant the State's motion herein would be to set the precedent that in every case where the witness for the State upon whose testimony conviction was had, made affidavit or testified in support of the motion for new trial, that his former testimony was false, then the motives and reasons for such retraction might be shown by the State and if in the opinion of the trial court such motives were corrupt or such reasons insufficient, the motion for new trial based upon such retraction, might be properly refused. It seems to us that the reason for granting a new trial in such case goes deeper and rests on the proposition that a citizen should not be punished or deprived of his life or liberty upon the testimony of one whose veracity is thus shown to be wanting. In this case when the witness originally gave evidence for the State upon which conviction was had, he was in jail awaiting action by the grand jury against him upon two charges of felony. In this condition he gave testimony favorable to the State. In resisting the application for new trial based on the sworn retraction of the truth of his testimony by said witness, the State now contends that the association in jail

since the trial herein, of appellant and said witness, has brought about this retraction, and in addition the State supports its claim by proof of officers that they did not coerce the witness to give the testimony for the State upon the original trial, as is also asserted in appellant's application. These matters might form the basis of a perjury prosecution against said witness and perhaps ought to do so, but we doubt the soundness of the position of the State which in one breath urges that the witness is now in retracting a perjurer, and in the next,—because he is now believed to be such, a conviction had on his testimony should not be set aside but be permitted to stand by the overruling of the motion for new trial. We regret we can not agree with this contention.

The motion for rehearing will be overruled.

*Overruled.*