SAM L. WEATHERALL v. THE STATE.

No. 8803.    Delivered April 29, 1925.

**Failure to Stop—New Trial—Erroneously Refused.**

Where after a conviction for failing to stop an auto after a collision, and render aid, the appellant moved for a new trial, and supported his motion with an affidavit of the main prosecuting witness that his identification of the defendant given on the trial was a mistake, that defendant was not driving the car that struck and injured him, and other evidence in the case was not sufficient to sustain the verdict, a new trial should have been granted. Following Heskew v. State, 14 Tex. C. A. 606 and other cases cited.

Appeal from the Criminal District Court No. 2 of Dallas County. Tried below before the Hon. Chas. A. Pippen, Judge.

Appeal .from a conviction for the failure to stop and render aid after collision, under Art. 820m, Revised Statutes; penalty, two years in the penitentiary.

The opinion states the case.

*Noah Roark, Jno. A. Ballowe,* and *E. L. Roark,* of Dallas, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, *Shelby Cox,* District Attorney, of Dallas County, for the State.

MORROW, PRESIDING JUDGE.—The prosecution is for the failure to stop and render aid after collision as prescribed by Art. 820m, of the Revised Statutes; punishment fixed at confinement in the penitentiary for a period of two years.

On November 10, 1923, the witness Beckman was struck and injured by an automobile. Appellant had rented a Ford automobile, which was returned about two hours after he had taken possession of it. At the time of its return, appellant was not with it, but it was in the possession of another person whose identity the evidence does not reveal. The accident was seen by several witnesses, none of whom were able to identify the driver of the car. On the subject of the identity of the person who was driving the car, Beckman said:

"I don't know the defendant's name. I didn't know his name then, but one man came to the hospital one day and told me his name, but I don't remember now what his name was. I don't know whether it was Sam Weatherall or not, but he brought his attorney out there with him. The attorney that came out there was Noah Roark, and the man that came with him was this defendant."

According to the witness a conversation took place. The man with Roark said that he was sorry about the accident; that he would have stopped and gotten out, but that he had a loaded car and couldn't stop.

Noah Roark testified that on the day succeeding the accident he was at the hospital and saw Beckman; that the man who was in his company was not the appellant and also was not the man who drove the car at the time of the collision.

A. C. Clark, testifying as a witness for the appellant, said that he, and not the appellant, visited the hospital with Roark, and that no statement such as that imputed to the appellant by the testimony of Beckman was made. He said further that he was

not driving the car, nor the man who drove it back to the garage, and that he did not know who drove it at the time of the accident.

In his motion for new trial, appellant presented the affidavit of M. E. Beckman in which he said that in giving evidence upon the trial that, according to his best knowledge, Sam L. Weatherall was with Noah Roark, the attorney, at the Parkland Hospital and had a conversation with him, he was mistaken; that at that time he was suffering from intense pain and that the mistake which he made was attributable to that cause; that since that time he has become throughly convinced that it was not the appellant but A. C. Clark who was in company with Roark at the hospital; that his testimony on the trial identifying the appellant as the man who was with Roark was an honest mistake. The affidavit further stated that the driver of the car was not at fault in striking and injuring him.

Aside from the testimony of Beckman that the appellant, at the hospital, had admitted that he was driving the car, the evidence in the record to identify him as the driver is wholly circumstantial and quite meagre. Beckman's retraction of the important testimony given on the trial and his explanation that it was a mistake should have resulted in a new trial. Heskew v. State, 14 Texas Crim. App. 606; Estrada v. State, 29 Texas Crim. App. 169; and other cases cited in Branch's Ann. Texas P. C., Sec. 205.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*