### G. W. Railsback v. The State.

No. 9529.          Delivered January 20, 1926.

**Possessing Intoxicating Liquor—Evidence—Held, Insufficient.**

In this case the state relied for a conviction on the testimony of one Miller, whose direct testimony made out a case against appellant, but who, on his cross-examination admitted that his testimony given on his direct examination was not true, and exonerated appellant completely. This court has repeatedly held that we will not sanction a conviction upon a record of this character, and the judgment must be reversed for the insufficiency of the evidence. Following Green v. State, 94 Tex. Crim. Rep. 637 and numerous other cases cited.

Appeal from the District Court of Taylor County. Tried below before the Hon. W. R. Ely, Judge.

Appeal from a conviction for possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*S. A. Bledsoe, J. F. Cunningham,* and *Oliver Cunningham* of Abilene, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Taylor County of the offense of possessing intoxicating liquor for sale, and his punishment assessed at one year in the penitentiary.

The only question presented by the appellant to this court for consideration is the suffficiency of the testimony to sustain the conviction. The record discloses that George Miller, John Summers and A. G. Hamm, on the night of the alleged offense in the city of Abilene, while in an automobile belonging to and driven by said Hamm, accosted the appellant on the street, and witness Miller asked where he could get some whiskey, to which the appellant replied he did not know, and said witness told the appellant to get in the car and ride around a while and see if they could find some. The appellant got in the car, and they all drove up what was known as Grape street, and at a certain point all of them got out of the car except the appellant, and he drove off and was gone a short time and returned, and all of said parties again got in the car and drove back to town. The record further discloses that afterwards it was discovered that a half gallon of whiskey was in said automobile. The state used Miller and Summers as witnesses and failed to put Hamm on the witness stand, though the testimony shows he was present at said trial.

The witness Summers, for the State, testified that Hamm, Miller and himself, threw in money with which to buy whiskey, and all of them drove up Grape street, as above stated, and that he thereafter saw whiskey in the automobile. The witness Miller, upon whose testimony the state relied for conviction, testified to delivering to the appellant $10.00, and after that all of them, but the appellant, got out of the car on Grape street, the appellant went off, and when he returned, he handed the whiskey to John Summers or put it in the back of the car. Upon cross-examination, this witness repudiated all of this testimony and swore that he did not see the appellant give any whiskey to any one, and did not see him with any whiskey, but that he saw some whiskey in the car, which belonged to Hamm, Summers and himself. This witness also on cross-examination, testified that he did not give appellant a cent of money. In fact he swore both ways on the main point relied upon by

the state for conviction in this case. The appellant failed to take the stand, and there was no evidence introduced in this case but the testimony from the above two witnesses. The appellant strenuously insists that this testimony is insufficient to warrant his conviction, and cites us in support thereof, Green v. State, 252 S. W. 499; 94 Tex. Crim. Rep. 637; Hill v. State, 117 S. W. 135; 55 Tex. Crim. Rep. 435.

The Green case was cited with approval in the case of Crouchett v. State, 271 S. W. 103. In the Hill case, supra, Judge Davidson for this court, upon a similar state of facts, stated:

"We are unwilling to sanction a judgment upon a record of this character. The accomplice has sworn positively both ways, and in his latter statement that he had committed perjury in placing appellant at the scene of the theft, and that the truth is appellant was not there. This evidence comes in entirely too questionable shape to form the basis for the incarceration of men in the penitentiary.

In the Green case, where the witness after the trial was over, made an affidavit retracting the testimony which was given upon the trial, Justice Lattimore for this court, after citing many authorities on this point, stated:

"We are of the opinion that the conviction should not stand. We do not care to lengthen the opinion by a discussion of the cases above mentioned, but believe them to announce the rule that when the state is compelled to rely for its conviction upon the testimony of a witness who afterward, and before the motion for new trial is acted upon, retracts the truth of said testimony, and himself appears before the court and under oath affirms that the testimony given by him originally was not true, and when the facts show that without such testimony the state has no case, the conviction should be set aside."

We think the contention of the appellant herein is clearly in keeping with the authorities of this court above cited, and that the testimony is entirely insufficient to warrant a conviction.

For the reasons above stated we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined and approved by the Judges of the Court of Criminal Appeals.