LEE BELL V. THE STATE.

No. 13349.   Delivered May 21, 1930.
Reported in 29 S. W. (2d) 389.

The opinion states the case.

*L. D. Griffin,* of Plainview, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for two and one-half years.

Appellant calls in question the sufficiency of the evidence. The state relied entirely upon the testimony of three witnesses. Appellant offered no testimony. The purchaser of the whiskey, Hal Hayes, testified on direct examination to having bought two pints of whiskey on the 18th of January, 1929. Touching the identity of the seller, he said:

"I was told it was Lee Bell I bought it from—he was pointed out to me as Lee Bell. As to whether I know that defendant, Lee Bell, there, I thought I knew him until yesterday morning I was talking to him and I didn't know it was him until another party came up and talked with him. That is the first time I have seen him since the 18th of January, 1929, to know him. * * * I saw the defendant when I bought the whiskey."

Questioned by the court, the witness stated that some parties who were with him at the time told him appellant was the seller. Further answering questions propounded to him by the court, he testified that he could not swear that appellant was the man from whom he bought it. Continuing his testimony on direct examination, the witness said:

"I signed that statement (indicating instrument exhibited by counsel). That was the day after I bought the whiskey. I thought at the time I bought it I knew who I bought it from. It was sup-

posed to have been Lee Bell at the time I bought it, but I didn't know him personally, but according to .others' statement it was supposed to be. I hadn't been introduced to him; I certainly hadn't."

Upon cross-examination, the witness testified that the officers had threatened to send him to the penitentiary unless he disclosed the name of the seller of the whiskey; and that said officers suggested to him that it was appellant who had sold him the whiskey. Again, the witness testified that he did not know, of his own personal knowledge, that he had purchased the whiskey from appellant.

The second witness called by the state stated that he accompanied Hayes to the place where he bought the whiskey, but that he remained in the automobile while Hayes secured the whiskey. He said that he saw appellant meet Hayes, and that later Hayes returned with some whiskey. It appears that appellant had a brother who resembled him. On cross-examination the witness said:

"I don't know whether at that time I knew the difference between Lee Bell and his brother, Lewis Bell. I just heard it was Lee Bell; I couldn't say for sure. I think it is about right that I don't know of my own personal knowledge whether it was him or not, only what I heard."

On redirect examination, the witness testified that Hayes was talking to Lee Bell when he saw him walk away.

The third witness called by the state testified, on direct examination, that he saw Hayes talking to appellant. On cross-examination, he testified as follows:

"As to whether it was Lee Bell or Lewis Bell he was talking to, well I don't know. I didn't know either one; all I knew was Bell and at a distance I couldn't state which one it was. I don't know which one it was."

On redirect examination the witness stated that he did not know whether it was appellant or not that he saw Hayes with; that he would not say it was appellant.

We deem the evidence insufficient to identify appellant. It was incumbent upon the state to prove the guilt of appellant beyond a reasonable doubt. The testimony goes no further than to show that Hayes bought two pints of whiskey from some man who had been pointed out to him as being appellant. See Green v. State, 252 S. W. 499, and authorities cited.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.