CHARLIE DOUGLAS v. THE STATE.

No. 15450.   Delivered November 16, 1932.
Reported in 54 S. W. (2d) 515.

The opinion states the case.

*W. D. Justice,* of Houston, and *R. H. Sigler,* of Athens, for appellant.

*Clay Cotten,* Special Prosecutor, of Palestine, *Cleo G. Miller,* District Attorney, of Corsicana, *H. B. Green,* County Attorney, of Athens, *Ben Greenwood,* District Attorney, of Palestine, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for 23 years.

The trial was had in Navarro county on a change of venue from Henderson county.

It was charged in the indictment, in substance, that appel-

lant, with malice aforethought, killed Texana Hall by shooting her with a gun.

Some time prior to the homicide appellant had been shot by his son-in-law, Davis January. On the night of the homicide appellant's son-in-law and his wife had driven to the home of the wife's grandfather. Appellant lived about a mile away. In coming from his field, appellant passed the house in which January was visiting. January came out of the house as appellant was passing, and appellant shot him. Appellant's daughter ran to the place of the difficulty and found her father with a gun in his hand. Texana Hall, deceased, came to the scene with a lamp in her hand. Just before the final shot was fired she gave the lamp to another party. Appellant's daughter testified, on direct examination for the state, that she did not see any gun and did not see appellant fire at the time Texana Hall was shot. Upon further examination she testified, in effect, that she saw her father fire the fatal shot, and that he was holding the gun in a shooting position at the time. Appellant testified that he did not intentionally shoot Texana Hall. He said: "I do not think I had gone very many steps when my gun went off. I was carrying the stock of my gun in my left hand and the barrel in my right hand. I did not have the gun in a shooting position. I was going a little southeast when the gun went off. If the shot killed Texana Hall I do not know it." Further, he testified that he had nothing against Texana Hall and had no intention of shooting her. There was testimony tending to show that appellant disliked deceased, Texana Hall.

In his motion for new trial appellant alleged, as newly discovered evidence, that his daughter, Mrs. January, had retracted her testimony, given on the trial, and had admitted that she testified falsely when she said that she saw appellant with the gun in shooting position when Texana Hall was shot. The affidavit of the witness supported the averments embraced in the motion. The court heard evidence and on the question of retraction the witness, Mrs. January, testified as follows: "I was a witness in this case when it was last tried in February. I told you then I saw my father holding the gun and saw the fire from it as the second shot fired. I said he was holding the gun in his hands. I was telling a falsehood all the time I told you and the jury that. Right after the other trial in February was when I told I had been testifying falsely. * * * The reason I am changing my testimony is because I think I have done wrong. The reason I told you and the other men the things I did was because I was mad at my father." Further,

the witness testified: "At the time of the second shot I was holding my husband's head in my lap. He already had been shot. I did not see my father at that time and I did not see him holding a gun. No, sir, I did not see a gun at all at that time. I do not know in what position it was being held at that time. * * * The reason I testified that I saw my father out there with a gun was because I was mad at him. That was the only reason I had for it. I felt like my father was doing wrong. It is the truth that I did not see my father on the night of the killing holding a gun."

No other witness testified to having seen appellant shoot deceased while holding his gun in a shooting position. It was in the testimony of appellant's daughter alone that the jury had direct evidence combating appellant's defense of an accidental killing. We are constrained to hold that the motion should have been granted. Branch's Annotated Penal Code, sec. 205; Rhea v. State, 96 Texas Crim. Rep., 11, 255 S. W., 757; Wadkins v. State, 102 Texas Crim. Rep., 292, 277 S. W., 684; Weatherall v. State, 100 Texas Crim. Rep., 514, 271 S. W., 899; Green v. State, 94 Texas Crim. Rep., 637, 252 S. W., 499.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.