PETE JONES V. THE STATE.

No. 17646.  Delivered June 19, 1935.

The opinion states the case.

*H. R. Rolston,* of Lufkin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of theft of personal property over the value of $50.00, and his punishment was assessed at confinement in the state penitentiary for a term of 2 years.

The testimony adduced by the State shows that on Saturday, the 25th day of August, 1934, between the hours of 11:30 a. m. and 1 p. m., a Ford sedan automobile belonging to R. A. Kennedy was taken from where he had parked it near the Lufkin National Bank Building in the town of Lufkin in Angelina County. Some weeks later said automobile was found in the possession of B. B. Kilgore in Houston County who had purchased it from the appellant on the afternoon of August 25th at about 3 p. m. Mr. Kilgore purchased the car in the town of Crockett and he loaned to the appellant a Chevrolet coupe in which to return to his home with the understanding that he was to return the Chevrolet coupe to Crockett and deliver it to the witness Kilgore on the following Monday, which he did. The appellant was seen in the town of Lufkin about the time the Ford sedan was stolen. The appellant did not testify himself but introduced testimony which showed that he lived with one J. W. Hudson; that he was at Hudson's home on Saturday, the 25th day of August, 1934; that he took dinner with Mr. Hudson and stayed there until about 2:30 or 3 o'clock in the afternoon when he and Hudson went to the town of Lufkin.

Appellant in due time filed his first amended original motion for new trial based on the ground that the witness Kilgore, who identified the appellant upon the trial as the person who sold and delivered to him the V-8 Ford sedan, has since the trial made an affidavit, which is attached to the motion for new trial, in which he states that he was not certain in the identification of the appellant as the person who sold and delivered said car to him; that he was mistaken in the identity of the appellant and if he were again permitted to testify in the case he would not testify that appellant was the man who sold and delivered said stolen car to him. The record fails to show just what convinced the witness since the time of the appellant's conviction that he was mistaken as to the identity of the person who sold and delivered to him the stolen car. He saw and talked to the appellant and entered into a business transaction with the ap-

pellant on several occasions. The first time when appellant sold and delivered the stolen car to him; the second time on the following Monday when the appellant returned to the witness the Chevrolet coupe, at which time the witness made the second payment of $270.00 on the stolen car, and the third time when he made the final payment of $80.00 to the appellant. It seems that on each of the last two occasions he recognized the appellant as the party who had sold and delivered to him the alleged stolen car. It seems that the witness had no doubt about the identity of the appellant on Monday when he returned the Chevrolet coupe and received from the witness $270.00. If the witness had had any doubt at that time in his mind as to the appellant's identity, it seems he would not have paid to him the $270.00, and it seems that the witness again recognized appellant some few days later when they met at the hotel in Crockett, at which time he paid him $80.00, and it seems that he had no difficulty in identifying him on the trial. However, the witness does not retract his statement to the effect that he loaned a Chevrolet coupe to the person who sold and delivered the stolen car to him in which to return to his home with the request that he return it to the witness at Crockett on Monday. Some of the testimony of the appellant's neighbors is to the effect that on Sunday morning a Chevrolet coupe was observed at appellant's home, and on Monday he, the appellant, drove it away. This coupe bore a license number from another county and no testimony appears in the record that the appellant was ever the owner of a Chevrolet coupe or any kind of a car. It is our opinion that said testimony, together with the unretracted testimony of the witness, is sufficient to support the verdict of the jury. We believe that the case of Green v. State, 252 S. W., 499, and Douglas v. State, 54 S. W. (2d) 515, have application to a case where the State relies solely upon the retracted testimony for a conviction.

Having reached the conclusion that under the facts of this case the trial court did not err in overruling the motion for new trial, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.