SON CURRY V. THE STATE.

No. 23794. Delivered November 12, 1947.

*Minton & Minton,* of Hemphill, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

The indictment charged that in Sabine County appellant stole one head of cattle from Rolland Clegg. Appellant was convicted and his punishment assessed at three years in the penitentiary.

The evidence raised an issue as to whether the theft was committed in Sabine County or in San Augustine County. The court charged the jury that if they found that the animal was taken in San Augustine County, or had a reasonable doubt thereof, to acquit appellant. If the case against appellant had been otherwise established the instruction given would have been sufficient on the question of venue.

Troy Hutto, a witness for the State, was an accomplice witness as a matter of law. The jury was so told by the court, and were instructed properly as to the necessity for the State to corroborate his testimony, and the required extent of such corroboration.

The witness testified on direct examination that he assisted appellant in stealing the animal, and in killing it and skinning out the hind quarters, and also aided appellant in peddling out the meat; that they later returned, got the other part of the animal and threw it in a creek. On cross-examination he testified that all he had sworn with reference to the theft of the animal was false, and that he had sworn a lie. He admitted that he had told the sheriff and the justice of the peace that witness and appellant had stolen and killed the animal, peddled

out the meat and thrown the remains in the creek, but that all he had told the officers was a lie. Appellant urges that the contradictory testimony of this witness leaves a serious question as to the guilt of appellant, and that the evidence of this witness is the only evidence in any manner connecting or tending to connect appellant with the theft, and that such evidence is in such hopeless conflict that a verdict of guilty should not be sustained. Supporting his position appellant cites Hill v. State, 55 Tex. Cr. R. 435, 117 S. W. 134; 18 Tex. Jur., Sec. 308, p. 430; Smith v. State, 86 Tex. Cr. R. 455, 217 S. W. 54; Railsback v. State, 103 Tex. Cr. R. 94, 280 S. W. 777. We content ourselves by stating appellant's proposition and the authorities relied on by him. We do not elaborate thereon because the case must be reversed upon the next proposition presented, and which is now considered.

Appellant urges that under the provisions of Art. 718 C. C. P. he could not be convicted upon the testimony of Hutto, an accomplice witness, unless corroborated by other evidence tending to connect appellant with the theft of the animal in question; and contends that no such corroborating evidence is to be found in the record. We have sought diligently but unavailingly to find in the statement of facts any corroborating evidence whatever. The evidence of Clegg and some of his neighbors conclusively established that someone stole the animal from Clegg, but did not connect or tend to connect appellant with the theft. It is true Hutto showed the officers a place where he said the animal was taken by him and appellant, and the place where he said they butchered it, and where he said they threw the remains in the creek. This was pertinent as showing the presence and participation of the witness in the theft, but did not connect or tend to connect appellant with the theft. It added nothing to Hutto's story that appellant acted with witness in the theft. "An accomplice witness cannot corroborate himself or furnish corroboration of his testimony by a statement to a third person who testifies thereto." 18 Tex. Jur., Sec. 164, p. 273 and cases there cited. Hannahan v. State, 7 Tex. App. 664. No witness was produced who supported Hutto's story that he and appellant had sold any meat.

Failing to discover any corroborating evidence in the record which tends to connect appellant with the theft, the positive provisions of Art. 718 C. C. P. control and demand a reversal of the judgment of conviction.

The judgment is accordingly reversed and the cause remanded.