### WALTER McCONNELL v. THE STATE.

#### No. 4843.    Decided January 30, 1918.

**Robbery—Bills of Exception—Affidavit—Motion for New Trial.**

While the bills of exception were filed too late to be considered on appeal, but it appeared from the record that the court tried the motion for new trial on affidavits, and it appeared therefrom on appeal that the prosecuting witness had made an affidavit retracting the inculpatory testimony that he gave at the trial against the defendant, and that said witness had been convicted of forgery, and these facts were unknown to the defendant at the time of the trial, the judgment must be reversed and the cause remanded.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*McCutcheon & Church,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of withdrawing inculpatory evidence: Brown v. State, 13 Texas Crim. App., 59; Heskew v. State, 14 id., 606; Brown v. State, 42 Texas Crim. Rep., 176; Carter v. State, 75 Texas Crim. Rep., 110, 170 S. W. Rep., 739.

MORROW, JUDGE.—Appellant was convicted of the robbery of Bert Curtis, who testified that appellant took money from his person while they were engaged in a tussle or fight.

The court refused to allow two of appellant's bills of exception, and he undertook to supply them by bystanders' bills which were filed after the time allowed by the court had expired. The motion for a new

trial was supported by affidavits, and the record indicates that these were controverted in part by the State. The court prepared a bill preserving this testimony in lieu of appellant's bill, but the bill prepared by the court was filed after the term expired and can not be considered. Black v. State, 41 Texas Crim. Rep., 185. Without passing upon the controversy in regard to who was at fault with reference to the failure to file the bills of exception within the time required by law, we will say that the court tried the motion for a new trial on affidavits, declining to receive oral testimony. This he was privileged to do under articles 840 and 841, Code of Criminal Procedure.

The only evidence upon which we are authorized to consider the motion for a new trial is the affidavits and certified copies of records that are attached to it and filed during the term. It appears from these that the prosecuting witness, Curtis, had made an affidavit retracting the inculpatory testimony that he gave at the trial against appellant, and that the said prosecuting witness, Curtis, whose testimony was essential to the State, had been, in the year 1915, convicted of forgery. This conviction took place in a distant county, and was unknown to appellant or his counsel until the trial was practically ended. The motion for a new trial thus supported, we think, should have been granted. Mann v. State, 41 Texas, 642; Brown v. State, 13 Texas Crim. App., 59; Vernon's C. C. P., p. 783, note 7, and cases cited.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*