## S. F. WADKINS V. THE STATE.

No. 9564.   Delivered November 25, 1925.

**Simple Assault—New Trial—Erroneously Refused.**

Where, on a trial for a simple assault, which resulted in the maximum punishment being inflicted, a witness testified for the State that appellant had offered to pay him money to testify in his favor.   On motion for a new trial appellant attached to his motion an affidavit of this witness that his testimony given on the trial was not true.   In the absence of a contest of this affidavit by the State, the new trial should have been granted.

Appeal from the County Court of Denton County. Tried below before the Hon. Brent C. Jackson, Judge.

Appeal from a conviction of a simple assault, penalty a fine of $25.00.

The opinion states the case.

*E. I. Key,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is simple assault; the punishment is a fine of $25.00.

The record in the case is very voluminous and the facts are rather unique.   The State's testimony shows that the defendant, his son and one Vanderslice met the alleged injured party; that the son had a double-barreled shotgun, Vanderslice an axe, and the defendant five squirrels.   That the alleged injured party had also been hunting, and had a double-barreled shotgun and two birds.   That the appellant cursed the alleged injured party, as did Vanderslice, and that Vanderslice raised the axe and started toward him, when the prosecuting witness drew his gun on Vanderslice and told him to stop, and he did stop and walked away, and nothing else happened. Appellant's theory was that the State's witness' statement of the case was false and that nothing more than some dispute about a place on which the prosecuting witness' son was living occurred, and that because of this, the prosecuting witness cursed the appellant and his son and drew a gun on them.

There is but one question that we desire to discuss, as the other matters presented may not occur in the same form in the event of another trial. On the trial of the case the State introduced the witness Troy Haney, who lived in the south part of Denton County, and who testified that he saw the defendant in Roanoke the week before the trial, and talked to him and his son, and that appellant told him he was looking for witnesses to testify in the case that Holman (the prosecuting witness) had filed against him, and that said witness told appellant he knew nothing about it, and that appellant told him he would pay $5 a day for witnesses; that he would pay $5 a day for three days, and that he told him he would give him $5 a day for three days to testify for him in these cases. On the motion for a new trial appellant offered the affidavit of this witness in which he swears that after thinking the matter over concerning the testimony he had given on the trial, he was mistaken in swearing as he did, and that appellant did not make any such proposition, and that he was mistaken and should not have sworn as he did, as the appellant did not make such a proposition as he had testified to on the trial of the case. Said affidavit further shows that the witness claimed he did not know the meaning of an oath, and did not know at the time he was testifying that he was under oath, and that he did not know what swearing a witness meant. He further states in the affidavit that he wants to make this affidavit to straighten up the matter, as he now sees he has done the appellant a wrong. We fail to find in the record any contest filed by the State as to the motion for a new trial, and the order overruling said motion fails to show that any evidence was heard thereon. Under this condition of the record, a new trial ought to have been granted. The testimony given by the witness Haney on the trial of the case was certainly calculated to be very harmful in its effect. The jury assessed the maximum penalty for simple assault, and we are not in a position to say that this result was not in part reached because of the testimony given by the witness Haney, which testimony he later averred in his affidavit to be false.

For the court's error in refusing a new trial, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.