## Jack Cooper v. The State.

No. 10564.   Delivered January 26, 1927.

1.— Burglary — Practice in Trial Court — Motion to Suppress Evidence— Properly Overruled.

Where, on a trial for burglary, the appellant presented a motion to restrain the state from proving flight on his part, such motion was properly overruled, such practice not being recognized as proper in this state. Objections to the admission of evidence should be presented when the evidence is offered on the trial.

2.—Same—Evidence—Properly Admitted.

There was no error in permitting the state to prove by the witness Craig that a paper bag, found in appellant's place of business contained something hard, this testimony was pertinent, and was not an opinion of the witness.

3.—Same—Evidence—Flight of the Accused—Properly Admitted.

Flight of the accused is a cogent fact, incriminating in its character, and always admissible, and there was no error in permitting the state to prove the flight of the appellant in the instant case. Distinguishing Hicks v. State, 199 S. W. 487.

**4.—Same—Charge of Court—On Maximum Punishment—Held Correct.**

Where, upon a trial for burglary, it being shown that appellant had been previously convicted of that offense, there was no error in the court charging the jury that if they should find the defendant guilty, to assess his punishment at twelve years in the penitentiary, the maximum penalty for this offense. See Art. 62, P. C. 1925.

**5.—Same—New Trial—Properly Refused.**

Where, on the hearing of his motion for a new trial, appellant introduced a state witness, Jimmie Craig, who testified that her testimony, given upon the trial was not true. In view of the fact that there was other testimony in the case sufficient to sustain the conviction, the court properly refused him a new trial. See Wadkins v. State, 277 S. W. 684; McConnell v. State, 200 S. W. 842, and Green v. State, 252 S. W. 499.

Appeal from a conviction in the Criminal District Court of Harris County. Tried below before the Hon. W. G. Love, Judge.

Appeal from a conviction for burglary, penalty twelve years in the state penitentiary.

The opinion states the case.

*Thos. F. Whitesides, Jr.* of Dallas, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted of burglary in the Criminal District Court of Harris County, and his punishment assessed at twelve years in the penitentiary.

The record discloses that the appellant, on the 25th day of March, 1925, broke into and entered a house, to-wit: a drugstore, belonging to and controlled by one J. C. Albertson, and took therefrom some lip-sticks, face powder, face paint and powder known as rouge.

The appellant, by his bill of exceptions No. 1, complains of the court's refusal to grant a motion to restrain the state from proving flight on his part, for the reason that he was at the time of the trial of the instant case under indictment in a number of other cases, all of which were pending at the time of the alleged or actual flight. This bill is nothing more than a mere statement of a ground of objection and fails to incorporate any evidence to verify its truth. It merely states that the appellant was under indictment in a number of causes pending at the time of the alleged or actual flight. We therefore presume that the trial judge was correct in declining to grant appellant's application.

Bill of exceptions No. 2 complains of the action of the trial court in permitting the state's witness, Jimmie Craig, to testify that a paper bag found in appellant's place of business contained something hard and that she could hear its contents rattle when it was picked up, the objection being that it was the opinion of the witness as to the contents of the bag. We are unable to agree with appellant's contention in this particular. The accomplice witness Massey had testified that he and appellant had broken into the drug store and taken the articles named above and had carried them to appellant's place of business and placed them behind a can in an ordinary five-pound paper sack. This evidence was clearly admissible as a fact tending to corroborate the accomplice.

Bill of exceptions No. 3 complains of certain leading questions propounded to the witness Jimmie Craig. This bill is vague, uncertain and indefinite and does not of itself disclose any facts necessary to show error. We therefore hold that the trial judge was correct in his ruling.

Bill No. 4 complains of the action of the trial court in permitting the witness George Peyton to testify as to the flight of the appellant, on the ground that such testimony was prejudicial and harmful to the appellant; that the appellant, at the time of the alleged unsuccessful search for him by the officers was wanted by the police on more than one criminal charge, and that such circumstances of flight could not be used against him by the state as an indication of guilt. We are unable to agree with the contention of the appellant. This bill does not bring the case within the principle controlling in the case of Hicks v. State, 199 S. W. 487.

Bill of exceptions No. 5 complains of the action of the court in failing to instruct the jury to return a verdict of not guilty, the appellant's contention being that the evidence was insufficient to warrant appellant's conviction in that the testimony of the accomplice witnesses LaFawn and Massey was not sufficiently corroborated by legal evidence. We are unable to agree with the appellant's contention. In the first place, the witness LaFawn, in so far as the record discloses, is not an accomplice and his testimony tends strongly to corroborate the accomplice witness Massey; and we also hold that the accomplice witness Massey was corroborated by the testimony of the witness Jimmie Craig.

Bill of exceptions No. 7 complains of the action of the trial court in charging the jury that if the "defendant be found guilty, he be sentenced to serve twelve years in the state peni-

tentiary." This bill shows no error, for the reason that the state proved that the appellant, on February 26, 1921, was convicted and sentenced to the penitentiary for a term of two years on a charge of burglary, the same offense for which he was being tried in the instant case, and the court merely gave in charge to the jury Article 62, P. C. 1925.

Bill of exceptions No. 8 complains of the court's refusal to grant the appellant a new trial on the ground that the state's witness, Jimmie Craig, appeared in open court and testified, on appellant's motion for new trial, that the testimony given by her at the original trial was not true. We are unable to agree with the appellant's contention for the reason that there is other evidence in the record of sufficient cogency to establish the state's case. If the evidence of the witness, Jimmie Craig, were vital to the state's case, the contention of the appellant might be correct, but the state was not compelled to rely upon her testimony for the conviction. Wadkins v. State, 277 S. W. 684; McConnell v. State, 200 S. W. 842; Green v. State, 252 S. W. 499.

There being no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.