

Bernard A. Golding, Houston, Tex., for appellant.

William A. Jackson, Asst. U. S. Atty., Woodrow Seals, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and BROWN, Circuit Judges.

JOSEPH C. HUTCHESON, Jr., Circuit Judge.

This is an appeal from a conviction on charges of a conspiracy in violation of Sec. 176a Title 21 U.S.C.A. and the smuggling of narcotics. Appellant was indicted with his wife, who jumped bail and did not stand trial when he did. He was acquitted on count three of the indictment and convicted on counts one and two.

The evidence taken most favorably to the verdict showed that Mrs. Meyers came driving over the bridge from Nuevo Laredo about 8:30 P.M. on July 29, 1961, in a rented Chevrolet car and that on search of the vehicle cellophane packages containing marihuana were found stuffed in the far side of the door panel, and because the inspector's arms were not long enough to reach the packages, another inspector was called who rolled up his sleeves and reached in and recovered the packages, receiving scratches on his arm while doing so.

The witness further testified: that the motor vehicle was heavily perfumed and there was no odor of marihuana; that he placed Mrs. Meyers under arrest and escorted her to the baggage inspection room where she was searched by a customs inspector and a search sheet was made on her personal history; that on

**Benjamin Frederick MEYERS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 19484.

United States Court of Appeals
Fifth Circuit.

Dec. 11, 1962.

the same evening about 10:15 P.M., he saw the appellant, after Inspector Pearson had called his attention to appellant's presence on the bridge, and appellant was questioned and gave his address and his occupation; that a search of his baggage disclosed that he had a metal cologne bottle, a pair of gloves and a note book; that in the opinion of the witness the odor from the cologne bottle taken from appellant's baggage was similar to that discovered in the car driven by Mrs. Meyers. He also testified that appellant had scratches on his arms similar to those he and Inspector Munoz had received in their search for the marihuana. He stated further that appellant advised him that he and his wife were separated and he explained to the inspector that the scratches on his forearm were received by him while engaging in a romantic embrace; and that he explained his possession of the gloves by saying that he did yard work at home and that was the reason for their presence.

It was testified by Witness Cavazos that Mrs. Meyers had rented a car from him in Laredo in September, 1960, and that appellant was not present at any time during the transaction. After Mrs. Meyers was placed in jail, appellant advised the agent that he was married to the female who drove the car across the bridge and who was later placed in jail. Later appellant was placed in jail. It was testified to by persons employed at Hotel Jardin in Monterrey, Mexico, that appellant and his wife occupied a room at that hotel from about July 20 to July 25, 1961. It was also testified by a travel agency employee at Brownsville that he rented a car to appellant's wife but appellant was not present.

As appellant recapitulates and weighs this evidence, he insists that it shows that appellant had no contraband on his person, that he was not seen in, nor did he occupy, the motor vehicle with his wife, but that he merely appeared walking across the bridge at a later time that night after she had driven onto the bridge.

The appellant is here urging as his main position that the evidence as to the defendant, being circumstantial, was wholly insufficient to support the conviction within the rule governing a conviction on circumstantial evidence and that a verdict should have been instructed for the defendant. In addition to this point, the appellant urges that the court erred in overruling appellant's motion for new trial based on evidence discovered after the jury verdict was returned.

Another point is made that there was no evidence to show that defendant was in a conspiracy with anybody and that there was no proof that he was a party to the smuggling of the contraband found in his wife's car. In addition, he claims error in the refusal of requested charges.

█ Taking up these points in turn, we think it clear, as to the claim that the evidence was insufficient to support the verdict, that this is just another case where the appellant, convicted on circumstantial evidence, seeks to have the Court of Appeals take over the function of the jury and retry the case, and that there is no merit whatever in this contention and argument. We think the circumstances taken together as a whole completely foreclose any other conclusion than that the wife and husband had made what they thought was a shrewd plan to have her smuggle the stuff in and, after it had been safely smuggled in, the defendant was to rejoin her in Laredo. Unfortunately for the planners their whole scheme blew up when the defendant came onto the bridge while his wife was still there under an examination and search, followed by an arrest.

█ The motion for new trial is equally without merit. During the trial the Government, as a circumstance showing that the defendant and wife had made arrangements to meet after the narcotics had been smuggled in, noted that there was found in her possession or on her person only a very small amount of money and that the meeting must have been prearranged so as to provide her with

sufficient money. In the motion for new trial the defendant offered to prove by an officer who was not put on the stand that the wife had considerably more money than was testified to, and, in further support of the motion, the appellant points out that the district judge had commented to the jury on this item of the small amount of money in Mrs. Meyers' possession. Error was not assigned on the comment nor could it have been, and there is nothing more in the point on the motion for new trial than there is in any such motion on the ground of newly discovered evidence, as to which it is uniformly held that action on it is in the sound discretion of the district judge.

Of the other ground for reversal, the failure to give the requested charges, it is sufficient, without setting any of them out, to say that none of them present reversible error and that the judgment is therefore affirmed.

Affirmed.