William Alfred RENO, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 21175.

United States Court of Appeals
Fifth Circuit.

Jan. 18, 1965.

Richard R. Booth, Miami, Fla., for appellant.

Alfred E. Sapp, Asst. U. S. Atty., Miami, Fla., William A. Meadows, Jr., U. S. Atty., Southern District of Florida, Miami, Fla., for appellee.

Before TUTTLE, Chief Judge, and MOORE * and BELL, Circuit Judges.

PER CURIAM:

This is an appeal from the District Court's denial of a motion for a new trial based on newly discovered evidence. Appellant was convicted in 1962 of con-spiracy to harbor and conceal an alien not lawfully entitled to enter and reside in this country. 18 U.S.C.A. § 371, 8 U.S.C.A. § 1324. The conviction was affirmed on appeal. Reno v. United States, 5 Cir., 1963, 317 F.2d 499, cert. denied, 375 U.S. 828, 84 S.Ct. 72, 11 L.Ed.2d 60. Appellant then filed in the District Court a motion to reduce sentence under Rule 35, F.R.Crim.P., and a motion for new trial based on newly discovered evidence under Rule 33. The District Court denied both motions and this appeal followed.

One of the alleged overt acts of the conspiracy was the receipt by appellant of $1,000 from the alien's uncle. Bob Wright, a witness for the United States, testified at the trial that he received the money from the uncle and paid it over to the appellant. The alleged newly discovered evidence consisted of affidavits by Abrogast and Ellis, both witnesses at the trial, and also of Juddie Diggers. In their affidavits, Abrogast and Ellis stated that Wright had told them prior to the trial that he never paid the $1,000 to appellant, but rather kept it himself. They further stated that Wright had asked them to testify that they had seen Wright transfer the money to appellant. If true, these affidavits would indicate that Wright may have perjured himself and attempted to suborn perjury by Abrogast and Ellis.

A motion for a new trial based on newly discovered evidence is addressed to the sound discretion of the District Court. Meyers v. United States, 5 Cir., 1962, 310 F.2d 801. We hold that this discretion was not abused in the present case. In the first place, there was no showing that the new evidence could not with due diligence have been discovered and presented at trial. The alleged contradictory statements and attempt to suborn perjury by Wright occurred prior to trial, and Ellis, one of the affiants, was a witness for the defense. Secondly, there is no showing that the new evidence might produce a different result on re-

* Of the Second Circuit, sitting by designation.

trial. Prisament v. United States, 5 Cir., 1938, 96 F.2d 865. Even assuming that Wright never transferred the money to appellant, appellant would not be exonerated, since the affidavits themselves establish that Wright received the money as appellant's agent and since receipt of the money was only one of several overt acts comprised in the conspiracy. And even expunging Wright's testimony in its entirety, there was an abundance of other evidence which fully established appellant's guilt.

Appellant's motion to reduce sentence, apparently abandoned on this appeal, is also without merit. Consequently, the judgment below is

Affirmed.