UNITED STATES of America, Plaintiff-Appellee,

v.

Frank SMITH, Defendant-Appellant.

No. 28438.

United States Court of Appeals, Fifth Circuit.

Oct. 14, 1970.

---

Thomas B. Foster, Jr., Houston, Tex., for defendant-appellant; Frank Smith, pro se.

Seagal V. Wheatley, U. S. Atty., Reese L. Harrison, Jr., Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GODBOLD, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

Appellant Frank Smith comes before this Court with several attacks upon a denial by the district court of his motion for new trial.[1] We affirm.

Smith alleges that the district court erred in refusing to grant a new trial on the basis of newly discovered evidence. The motion was based on the post-trial affidavit of Richard Hinton, a chief prosecution witness at Smith's trial, which stated that Hinton recanted his trial testimony and that this testimony against Smith was false and untrue. At the hearing on the motion the government introduced evidence that Hinton's affidavit was made in the hope that Smith or his friends would be able to obtain a parole for Hinton, and that Hinton had told F.B.I. agents that his recantation was "a pack of lies". Faced with this conflicting testimony the district judge concluded that Hinton had "recanted his recantation". The government's brief on this point contains a quote which bears repeating here:

"Recantation is 'looked upon with the utmost suspicion,' Harrison v. United States, 2 Cir., 7 F.2d 259, 262. Ordinarily, ' * * * a new trial should be granted when, (a) The

---

1. For the disposition of Smith's earlier direct appeal from his conviction, See Smith v. United States of America, 5 Cir. 1969, 405 F.2d 253, cert. denied 395 U.S. 977, 89 S.Ct. 2127, 23 L.Ed.2d 765 (1969).

court is reasonably well satisfied that the testimony given by a material witness is false. (b) That without it the jury might have reached a different conclusion. * * * ' Larrison v. United States, 7 Cir., 24 F.2d 82, at page 87. United States v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562; Gordon v. United States, 6 Cir., 178 F.2d 896, 900, cert. denied 339 U.S. 935, 70 S.Ct. 664, 94 L.Ed. 1353; United States v. Troche, 2 Cir., 213 F.2d 401, 403; Harrison v. United States, 5 Cir., 191 F.2d 874; See Martin v. United States, 5 Cir., 17 F.2d 973, 976, cert. denied 275 U.S. 527, 48 S.Ct. 20, 72 L. Ed. 408, in which the recanting affidavit of a key witness was rejected since 'that affidavit was obtained under very suspicious circumstances.' —a situation paralleled here since mystery then and still prevails as to the making of Wiliford's affidavit, and his real affirmance of it."

Newman v. United States, 5 Cir. 1956, 238 F.2d 861, 862 f. 1.

■ The granting of a motion for new trial is a matter for the sound discretion of the trial court which will not be disturbed on appeal in the absence of a showing of abuse of that discretion. Reno v. United States, 5 Cir. 1965, 340 F.2d 307; Meyers v. United States, 5 Cir. 1962, 310 F.2d 801; Ledet v. United States, 5 Cir. 1962, 297 F.2d 737. In the context of the present factual situation we find no abuse of discretion by the trial court.

Smith also contends that he was convicted by an illegally constituted jury. While this point was raised by a supplemental motion for new trial, in essence it was a Title 28, U.S.C., Sec. 2255 motion to vacate and set aside the conviction and judgment. It seems that the court reporter did not take down the names of the jurors at the trial, but rather she recorded only their numbers. Several incorrect numbers resulted in an incorrect list of jurors in the trial record. At the hearing on the motion for new trial the court reporter testified concerning her recording methods. Several jurors were called to testify, and all testified that Messrs. Juan Falcon and Morris Olguin, Jr., served on the jury and participated in the jury verdict, as opposed to Messrs. E. C. Rather and Frank Marshal Offing, whose names appeared on the official trial record.

■ Title 28, U.S.C., Section 753(b) provides:

"The transcript in any case certified by the reporter shall be deemed prima facie a correct statement of the testimony taken and proceedings had."

■ This wording clearly implies that the record may be corrected, and at least one court has so held. United States v. Carter, 2 Cir. 1965, 347 F.2d 220, cert. denied, 382 U.S. 888, 86 S.Ct. 178, 15 L.Ed.2d 124. The appellant has shown no prejudice from the court reporter's error, and in the face of clear and convincing evidence we think it obvious that the presumption of correctness which clothes the court reporter's transcript was overcome. In short, we approve the corrections made in the record by the trial judge.

■ The appellant further urges that he was not afforded a full and fair hearing on the motion for new trial since the district judge stated at the outset of the hearing that he did not have jurisdiction to grant the new trial. The statement was prompted because at the time of the hearing the appellant's case was before the Supreme Court of the United States on petition for writ of certiorari.

Rule 33 of the Federal Rules of Criminal Procedure provides in pertinent part as follows:

"The court may grant a new trial to a defendant if required in the interest of justice. * * *. A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, *but if an appeal is pending the court may grant the motion only on remand of the case.*" (Emphasis added)

That the district court did not have authority to *grant* a motion for new trial while the case was on appeal does not mean, however, that the district court did not have jurisdiction to *hear* the motion. United States v. Hoffa, D.C.Tenn. 1965, 247 F.Supp. 692. Rule 33 in no wise prevents the district court from denying a motion for new trial while the case is on appeal, see Richardson v. United States, 5 Cir. 1966, 360 F.2d 366, but merely provides that the district court may not grant the motion until the case has been remanded by the appellate courts. When a motion for new trial is made while the cause is on appeal, the motion is in substance one calling for the district court to make a determination of whether it should advise the appellate court that it is disposed to grant the motion for new trial if the appellate court will entertain a suggestion for remand. Knight v. United States, 5 Cir. 1954, 213 F.2d 699; Rakes v. United States, 4 Cir. 1944, 163 F.2d 771.

Affirmed.