**Frank SMITH, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**Nos. 28541, 28542**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 15, 1970.

Thomas B. Foster, Jr., Houston, Tex., for plaintiff-appellant.

Seagal V. Wheatley, U. S. Atty., Reese L. Harrison, Jr., Asst. U. S. Atty., W. D. Texas, San Antonio, for defendant-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Appellant here contests a denial by the district judge, without a hearing, of a motion for release on bail pending final determination on appeal of a motion for new trial. (See Smith v. United States, 5 Cir. 1970, 433 F.2d 149 [No. 28,438]). We affirm the district court.

It is well established that bail after conviction in the trial court is a matter for the sound discretion of that court, and that a convicted appellant cannot demand bail as a matter of right. See, e. g., F.R.Crim.P. 46, Welsh v. Unit-

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York et al., 5th Cir., 1970, 409 F.2d 431, Part I.

ed States, 5 Cir., 1968, 404 F.2d 333; Christoffel v. United States, 1951, 89 U.S.App.D.C. 341, 196 F.2d 560; Williamson v. United States, 2 Cir. 1950, 184 F.2d 280. We think this principle is even more appropriate where, as here, at the time of the proceedings below, the appellant had already sought relief from his conviction without success all the way to the Supreme Court of the United States [1] (Mr. Justice Marshall of that Court also denied appellant's application for bail pending application for certiorari on August 15, 1969), and now begins a new series of attacks upon his conviction. Moreover, appellant's request for bail pending appeal is diminished almost to the extent of extinction by our determination in case No. 28,438, Smith v. United States, supra, that the district court was not in error in denying the appellant's motion for new trial.[2]

Affirmed.

---

1. Smith v. United States, 5 Cir. 1969, 405 F.2d 253, cert. denied 395 U.S. 977, 89 S.Ct. 2127, 23 L.Ed.2d 765.

2. The sole vitality still inhering in the instant appeals is the possibility of certiorari being granted by the Supreme Court in No. 28,438.