437 F.2d 940
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose M. RODRIGUEZ, a/k/a Tony, Defendant-Appellant.
No. 30200 Summary Calendar.*
*Rule 18, 5 Cir.; See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Feb. 8, 1971.
 
 Barry L. Garber, Miami, Fla., for defendant-appellant.
 Robert W. Rust, U.S. Atty., Jose E. Martinez, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.
 Before GEWIN, GOLDBERG, and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this narcotics violation case appellant Jose M. Rodriguez appeals from his conviction under 26 U.S.C.A. 4704(a), 4705(a). We affirm.
 
 
 2
 This appeal arises out of the following occurrences. Prior to trial the Government moved to consolidate the trial of Rodriguez with the trial of one Ramon Antonio Carulla-Trujillo, who had been indicted under similar charges. The motion was granted, and the cases proceeded to trial before a jury. At the trial Rafael Castillo, an agent with the Bureau of Narcotics and Dangerous Drugs, was called upon to identify appellant Rodriguez and his co-defendant Carulla-Trujillo. Castillo testified that he and an informant had gone to a location where a narcotics transaction was supposed to take place, and there he had seen appellant Rodriguez, whom he knew from previous encounters, and an individual whom he did not know but whom he had subsequently identified as defendant Carulla-Trujillo. This identification, of course, was at the heart of the case against defendants.
 
 
 3
 Following all of the testimony the jury found appellant and co-defendant Carulla-Trujillo guilty of all charges, and both defendants moved for a new trial. In response to these motions the Government submitted a request for dismissal with regard to Carulla-Trujillo, which request was granted by the trial court. Appellant Rodriguez whose motion had been denied, then moved for an order directing the Government to make available the witness Castillo for examination. Appellant's counsel was permitted to depose Castillo, and his testimony revealed that at least part of the reason for the Government's motion for dismissal of the charges against Carulla-Trujillo was that Castillo now entertained some reservations about his identification of Carulla-Trujillo. However, despite these reservations, Castillo reaffirmed in positive fashion his identification of appellant Rodriguez.[1]
 
 
 4
 Following this deposition appellant renewed his motion for a new trial arguing that Castillo's testimony constituted newly discovered evidence which seriously impugned his entire identification testimony at trial. This motion was rejected, and appellant now appeals from its denial.
 
 
 5
 Motions for a new trial under Fed.R.Crim.P. 33 on the basis of newly discovered evidence bear a heavy burden; it is a rare case where we will reverse the discretionary denial of such a motion by the trial judge who is closest to the case. Reno v. United States, 5 Cir. 1965, 340 F.2d 307; Ledet v. United States, 5 Cir. 1962, 297 F.2d 737, 739; Weiss v. United States, 5 Cir. 1941, 122 F.2d 675, 691; C. Wright, Federal Practice and Procedure 557 (1969). In Ledet we said:
 
 
 6
 'We must, of course, bear in mind the well known principle that ordinarily the granting or denial for a motion for a new trial on the basis of newly discovered evidence rests in the sound discretion of the trial court, and even where a clear case for the granting of a new trial might otherwise appear, the movant must ordinarily meet the following requirements:
 
 
 7
 1. The evidence must be discovered following the trial.
 
 
 8
 2. Facts must be alleged from which the court may infer diligence on the part of the movant to discover new evidence.
 
 
 9
 3. The evidence must not be merely cumulative or impeaching.
 
 
 10
 4. The evidence must be material.
 
 
 11
 5. The evidence must be such that a new trial would probably produce a new result. Weiss v. United States, 5th Cir., 122 F.2d 675.'
 
 
 12
 Ledet v. United States, supra, 297 F.2d at 739.
 
 
 13
 Appellant's allegations fail to meet these stringent standards. Even if Castillo's testimony be construed as a recantation, it was such solely with reference to his identification of defendant Carulla-Trujillo, whom he had not known at the time of the encounter. Castillo never wavered from his identification of appellant Rodriguez, whom he had previously met. The new evidence then is merely impeaching, at most, and is not an adequate basis for reversing the trial court's denial of appellant's motion for a new trial. See Mesarosh v. United States, 1956, 352 U.S. 1, 9, 77 S.Ct. 1, 1 L.Ed.2d 1; Ledet v. United States, supra.
 
 
 14
 Affirmed.
 
 
 
 [1]
 For example during Castillo's statement the following questions and answers took place:
 Q. You were at the time of the trial of this case equally positive as to the identification of Carulla and Rodriguez weren't you?
 A. I was in my own mind positive that he was the man next to Tony (Rodriguez).
 Q. In other words, your identification of Tony--
 A. However, Tony, I had no reservation in my mind whatsoever that I could have made a mistake. I would say in my mind I was true about Carulla, that he was the man; however, I saw him for a minute and a half--
 Q. In other words, Ralph, are you telling us this, are you telling us that as a human being it is possible that you might have made a mistake as to Carulla?
 A. Well, it's possible. In my own mind I think that I was right and that that was the man but as a human being I could have made a mistake about Carulla--
 Q. Right.
 A. -- since I saw him for a minute and a half and that was the first time and last that I saw him until he was apprehended; but not as to Tony.
 Q. No question in your mind about Tony?
 A. No, sir. As a matter of fact, my attention was centered on Tony most of the time.
 Q. You still contend now today that it was Carulla?
 A. As far as I'm concerned, I say it's still Carulla next to Tony.
 Q. But you still feel--
 A. But I feel that perhaps I made a mistake, I don't know; but I feel it's the same man.
 Q. But you are still man enough to admit that you may have made a mistake?
 A. Yes; he contended so strongly, that perhaps I made a mistake perhaps. Still feel that I made the right ID, but he contended so strongly.
 Q. That it wasn't him?
 A. That it wasn't him, that perhaps I was mistaken.