**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Albert Kenneth BANKSTON, Defendant-Appellant.**

**No. 71–1655**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

July 16, 1971.

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Albert K. Bankston, pro se.

E. Donald Strange, Daniel E. Lynn, Asst. U. S. Attys., Robert E. Hauberg, U. S. Atty., S. D. Miss., Joseph E. Brown, Jr., Asst. U. S. Atty., Jackson, Miss., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the motion for a new trial filed by a federal prisoner pursuant to Rule 33, F.R.Crim.P. We affirm.

Appellant was convicted of armed bank robbery, violations of 18 U.S.C. §§ 2113(a) and (d), and was sentenced to 25 years imprisonment. This court affirmed the conviction in United States v. Bankston, 5th Cir. 1970, 424 F.2d 714. Appellant filed his motion for a new trial on the grounds of newly discovered evidence. He alleged that he was first identified by the victim of the robbery as the victim observed appellant being brought into court in handcuffs and leg irons and escorted by two deputy marshals. Appellants contends that this was in effect a one-man line-up.

The district court denied relief without holding an evidentiary hearing. The court found from the record that the victim had previously identified appellant from ten photographs on the day following the robbery, and that two other bank employees also identified appellant from photographs as the bank robber. The district court further found from the testimony of trial witnesses that when arrested, appellant had in his possession some $20,000 which included marked bills taken in the robbery, and that he admitted committing the robbery to F. B.I. agents after he was fully advised of his constitutional rights. The court concluded that appellant's allegation did not amount to newly discovered evidence, but even if it did, other evidence was so overwhelmingly conclusive of guilt that he was not prejudiced by the allegedly faulty identification.

A careful reading of the trial transcript reveals no clear error in the findings below. The allegedly new evidence is not such that a new trial would probably produce a different result. United States v. Rodriguez, 5th Cir. 1971, 437 F.2d 940; United States v. Rubin, 5th Cir. 1970, 433 F.2d 442. The judgment below is affirmed.