**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Johnny Ray LITTLEPAGE, Defendant-Appellant.**

**No. 72–1654**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Aug. 14, 1972.

Rehearing Denied Sept. 15, 1972.

[redacted]

J. B. Champion, Jr., Ardmore, Okl., for defendant-appellant.

Eldon B. Mahon, U. S. Atty., Fort Worth, Tex., Charles D. Cabaniss, Asst. U. S. Atty., Dallas, Tex., Frank D. McCown, U. S. Atty., Andrew Barr, Asst. U. S. Atty., U. S. Court of Appeals, for plaintiff-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

In an order filed January 25, 1972, this Court remanded the case for a hearing on the motion for a new trial and for findings of fact and conclusions of law. An evidentiary hearing was held on February 18, 1972. A new trial was denied in an order filed March 13, 1972, on grounds that the alleged new evidence was known at the time of the trial, was merely cumulative, and would probably not produce a new result.

We append hereto the findings of fact and conclusions of law entered by the District Court on March 13, 1972.

Only in rare cases is this Court willing to reverse the District Court's denial of a motion for a new trial, and then only when it is shown that the District Court abused its discretion, United States v. Rodriguez, 5 Cir., 1971, 437 F.2d 940; United States v. Smith, 5 Cir., 1970, 433 F.2d 149; Reno v. United States, 5 Cir., 1965, 340 F.2d 307. The evidence was merely cumulative. The testimony offered at the hearing does not refute all of the admissions made by appellant to the F.B.I. agents and introduced at the trial.

The judgment of the District Court, denying a new trial is

Affirmed.

APPENDIX

In the United States District Court for the Northern District of Texas Dallas Division

United States of America

v. No. Cr 3–1455

Johnny Ray Littlepage

FINDINGS OF FACT AND CONCLUSIONS OF LAW

Filed: Mar. 13, 1972

The United States Court of Appeals for the Fifth Circuit having remanded

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

the above numbered and styled case to this Court for a hearing on defendant-appellant's motion for a new trial and for the entry of Findings of Fact and Conclusions of Law; and

This Court having on February 18, 1972 conducted such hearing and the defendant-appellant, Johnny Ray Littlepage, having appeared in person and by and through his attorney, Melvyn C. Bruder, and the United States of America having appeared by and through Assistant United States Attorney Andrew Barr; and

The Court having heard the evidence presented by the parties and having considered the arguments of counsel, makes this its Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. Claude Weldon Wallace, who did not testify at the original trial, appeared at the hearing on defendant-appellant's motion for new trial and testified as follows:

> That on an occasion in early 1968 at Chubby's drive-in restaurant in Dallas, Texas, he happened to meet Johnny Ray Littlepage who was in the company of three other men.
>
> That on this occasion he had a wig in his possession which Littlepage observed as he (Wallace) showed it to a witness.
>
> That Littlepage inquired about purchasing the wig and then after further conversation asked about purchasing a quantity of wigs.
>
> That in response to specific questions by Littlepage as to whether or not the wigs were stolen, he (Wallace) told him that they were not stolen and that he had taken them from his wife's beauty salon in Lubbock, Texas when he and his wife separated following a domestic dispute.
>
> That following the conversation at the drive-in restaurant he (Wallace), Littlepage and Littlepage's three friends went across the street to a fruit stand where Littlepage obtained money which he used to pay for the wigs and

where the wigs were transferred from his (Wallace's) possession to Littlepage's possession.

2. Russell Wilson Gilmore appeared at the hearing on defendant-appellant's motion for a new trial and identified Claude Weldon Wallace as the man who sold the wigs to Littlepage as he described in his testimony at the original trial.

3. The affidavit of John Griffin Wright was introduced in evidence at the hearing on the motion for new trial. In such affidavit, Wright, who testified at the original trial, asserted that he had been shown pictures of Claude Weldon Wallace and he is sure Wallace is the man who sold the wigs to Littlepage.

4. The defendant-appellant, Johnny Ray Littlepage, testified at the hearing on his motion for new trial that prior to the original trial he was aware of the testimony Claude Weldon Wallace could give, but he did not know Wallace's name and he was unable to locate him.

## CONCLUSIONS OF LAW

In order to be entitled to a new trial on the basis of newly discovered evidence, the defendant-appellant must meet the following requirements:

"1. The evidence must be discovered following the trial.

2. Facts must be alleged from which the court may infer diligence on the part of the movant to discover the new evidence.

3. The evidence must not be merely cumulative or impeaching.

4. The evidence must be material.

5. The evidence must be such that a new trial would probably produce a new result."

Nagell v. United States, 354 F.2d 441, 448 (CA5, 1966), and Hudson v. United States, 387 F.2d 331, 333 (CA5, 1968).

Also see: Federal Practice and Procedure—Wright § 557.

In the case at bar the defendant has clearly failed to establish requirements 1, 3 and 5.

In regard to requirement 3, the testimony of Wallace and the identification of Wallace by Gilmore and Wright are merely cumulative to the trial testimony of Gilmore and Wright which was offered as proof that Littlepage's possession of the wigs was innocent.

In regard to requirement 5, the presentation of the additional evidence at a new trial would not in any reasonable likelihood result in an acquittal.

It is obvious from the record of the original trial that in finding Littlepage guilty the jury completely rejected the defendant's explanation of innocent possession and accepted the testimony of Irma Cabrera and Hubert Preston Smith which described Littlepage's resale of the wigs and revealed facts which indicated he acted with guilty knowledge, and the testimony of F.B.I. Agent Holloman which conveyed Littlepage's admission that he was told the wigs were stolen when he purchased them.

In view of the evidence presented at the original trial it is not likely that the jury at a new trial would attach such significance to the testimony of Claude Weldon Wallace that it would acquit the defendant.

Further, in regard to requirement 1, the evidence Littlepage seeks to present at a new trial was not discovered following the original trial. The substance of Wallace's testimony was known to Littlepage prior to the trial—the only information newly discovered was the identity of Wallace. That identity is not in itself evidence, but a key to developing evidence.

A defendant who has not been able to fully develop his case prior to trial may seek relief through a motion for continuance. In the case at bar, Littlepage did not file such a motion. He apparently felt that his defense of innocent possession could be adequately presented through Gilmore and Wright.

Since Littlepage, prior to the original trial, was fully aware of the additional evidence he now seeks to present at a new trial and since he had full opportunity to seek delay of the trial until he was able to develop that evidence, he may not now reassess his strategy and assert that the evidence he forewent developing earlier is now of paramount importance.

Wherefore, Johnny Ray Littlepage's motion for a new trial is in all things denied.

So ordered this 3 day of March, 1972.

/s/ SARAH T. HUGHES
SARAH T. HUGHES
United States District
Judge