**Susie BRADLEY, Petitioner-Appellant,**

v.

**STATE OF TEXAS, Respondent-Appellee.**

**No. 72–1218.**

United States Court of Appeals,
Fifth Circuit.

Dec. 12, 1972.

Rehearing Denied Jan. 10, 1973.

Sam R. Wilson, Houston, Tex., for petitioner-appellant.

Crawford Martin, Atty. Gen., Lonny Zwiener, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GEWIN, THORNBERRY and CLARK, Circuit Judges.

THORNBERRY, Circuit Judge:

This is an appeal from the district court's denial of appellant's petition for writ of habeas corpus. We affirm.

Appellant is a Texas prisoner who was convicted and sentenced to ten years' imprisonment for aiding and abetting one Donald McGaha in the fatal shooting of her husband. In an opinion that disposed of all but one of the alleged errors that appellant presented to the court below,[1] the Texas Court of Criminal Appeals affirmed the conviction. Events transpiring subsequent to this affirmance formed the basis for a petition for rehearing in that court, alleging that appellant had been convicted on the basis of perjured testimony of the prosecution's chief witness, Donald McGaha. This petition for rehearing was denied without opinion. Appellant then applied

1. The alleged errors presented to the court below and considered by the Texas Court of Criminal Appeals on direct appeal were as follows:

(1) Denial of two motions for continuance to enable one of her attorneys, a Texas legislator then attending interim legislative committee meetings, to appear at her trial.

(2) Prosecution's use of a witness whose name was not furnished appellant in advance.

(3) Refusal to limit exclusion of jurors with conscientious scruples against the death penalty.

(4) Denial of appellant's motion to quash the jury venire, based on (a) alleged systematic exclusion from the venire of women with children under eighteen years of age, and on (b) alleged wrongful inclusion among the veniremen of the wife of a Baptist minister.

(5) Denial of appellant's request that a transcript of the voir dire examination be included in the record on appeal.

(6) Improper courtroom decorum and extensive courtroom photography.

for habeas corpus relief in the court below, which suspended proceedings to enable her to seek relief in the Texas courts. The convicting court conducted an evidentiary hearing limited to the alleged use of perjured testimony and the trial judge's allegedly erroneous refusal to include a transcript of the voir dire examination in the record on appeal to enable appellant to substantiate her claims of wrongful inclusion and exclusion of women from the jury venire. The state court denied relief in an order affirmed without opinion. Thereupon, without holding an evidentiary hearing, the court below also denied relief; and this appeal followed.

With a few exceptions, appellant's allegations of errors committed by the state trial court are wholly without merit, and the court below was well within the bounds of its discretion in adopting the comprehensive opinion of the Court of Criminal Appeals in lieu of holding an evidentiary hearing. McDonald v. Beto, 5th Cir. 1969, 405 F.2d 884. We therefore turn to appellant's more substantial contentions.

The most serious of these is that she was denied due process because the state trial judge permitted extensive still and motion picture photography of the trial proceedings. The facts surrounding this claim are much in dispute. The record reflects that after considerable testimony had been taken, appellant objected to the presence of photographers while the court was in session. The court sustained this objection, and appellant did not object further. Appellant contends that photography continued after her objection was sustained; but the trial judge, in his qualifications to appellant's formal bill of exception, stated that he did not allow any photography after appellant's objection except during recesses when pictures of appellant and her attorney were taken with their permission, and that all photography occurring prior to appellant's objection had been conducted in an orderly, unobtrusive manner. On the basis of these conflicting claims, the Court of Criminal Appeals concluded that the situation at trial did not approach the "Roman holiday" atmosphere of Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966), and that it was not inherently lacking in due process under Estes v. Texas, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965). The court below approved this holding after reviewing the record before it, which apparently included some of the photographs taken at trial.[2]

██ We approach with great care appellant's contention that she was denied due process by the trial court's permitting motion picture and still photography of the proceedings, for such practices are widely disfavored. Television coverage of a trial is considered inherently prejudicial, even absent a showing of actual harm to the defendant. *Estes, supra.* That rule reflects some considerations that apply with equal force here. Not only may still and motion picture photography have unfavorable psychological effects on the participants in a trial, *see Estes, supra,* but the mere presence of photographers and photographic equipment may destroy the atmosphere necessary to decide the fate of an accused.[3]

---

2. Appellant's motion for rehearing in the court below, R. 78, suggests that that court had the photographs before it.

3. Although not dispositive of the constitutional issue before us, the newly adopted American Bar Association Code of Judicial Conduct reflects the widespread disapproval of courtroom photography:

(7) A judge should prohibit broadcasting, televising, recording, or taking photographs in the courtroom and areas immediately adjacent thereto during sessions, except that a judge may authorize:

(a) the use of electronic or photographic means for the presentation of evidence for the perpetuation of a record, or for other purposes of judicial administration;

(b) the broadcasting, televising, recording, or photographing of investitive, ceremonial, or naturalization proceedings;

Bearing these factors in mind, we are nevertheless compelled to reject appellant's contention. Resolution of this question depends largely on proof of what took place at the trial, *cf.* Nichols v. Henderson, 6th Cir. 1968, 389 F.2d 990, cert. denied, 393 U.S. 955, 89 S.Ct. 384, 21 L.Ed.2d 366 (1968). Even though the methods of proof available to appellant on appeal to the Court of Criminal Appeals were relatively restrictive (bill of exception with trial judge's qualification; bystanders' bills, containing affidavits of disinterested lay observers), and even though the courtroom photography claim has not been the subject of an evidentiary hearing in any court, we do not believe that a remand for an evidentiary hearing would produce any more reliable and complete a record of the events at trial than has already been considered by both the Court of Criminal Appeals and the court below. We are unable to say that the conclusions of either court are clearly erroneous, and thus turn to a consideration of appellant's contention that she was convicted on the perjured testimony of Donald McGaha.

At appellant's trial, McGaha testified in detail that he had shot appellant's husband at her encouragement and with her aid. He denied that he had been promised anything by the State in return for his crucial testimony—"not even so much as a cold drink of water." After McGaha's subsequent conviction and imprisonment for this murder, he volunteered to appellant's counsel a sworn statement that his testimony at her trial had been false, including his denial that his testimony had been given in exchange for a promise of leniency. McGaha subsequently executed a second affidavit re-affirming the truthfulness of his testimony at trial and denying the truthfulness of the first affidavit. In the state district court habeas hearing, McGaha was questioned at length by both sides, and steadfastly maintained that his trial testimony had been true.

Relying on Green v. State, 94 Tex.Cr. R. 637, 252 S.W. 499 (1923), McConnell v. State, 82 Tex.Cr.R. 634, 200 S.W. 842 (1918), and Wadkins v. State, 102 Tex. Cr.R. 292, 277 S.W. 684 (1925), appellant contends that McGaha's executing the first affidavit contradicting his trial testimony required giving her a new trial.

None of the cases cited by appellant is in point, because none deals with a recanting witness who subsequently withdraws his recantation and reaffirms the testimony he gave at trial. On the other hand, this court has dealt with this set of facts in many cases presenting the analogous situation of appeals from orders denying motions for new trial based on recantation by prosecution witnesses. *See, e. g.,* United States v. Nolte, 5th Cir. 1971, 440 F.2d 1124; United States v. Smith, 5th Cir. 1970, 433 F.2d 149; Ledet v. United States, 5th Cir. 1962, 297 F.2d 737; Newman v. United States, 5th Cir. 1956, 238 F.2d 861. We have held consistently that a new trial is not warranted when the substance of the recantation has been thoroughly discredited. As in *Smith, supra,* it is obvious that McGaha's second affidavit and his testimony at the state district court habeas hearing removed any firm basis for doubting the truthfulness of his testimony at appellant's trial.

We likewise reject appellant's contentions that women with children under age eighteen were discriminatorily excluded from the venire, and that a Mrs. Hilliard, whom the jury commissioners considered "intelligent and re-

(c) the photographic or electronic recording and reproduction of appropriate court proceedings under the following conditions: (i) the means of recording will not distract participants or impair the dignity of the proceedings; (ii) the parties have consented, and the consent to being depicted or recorded has been obtained from each witness appearing in the recording and reproduction; (iii) the reproduction will not be exhibited until after the proceeding has been concluded and all direct appeals have been exhausted; and (iv) the reproduction will be exhibited only for instructional purposes in educational institutions.
58 A.B.A.J. 1207, 1208 (Nov. 1972).

sponsible," was wrongfully included. At the hearing on appellant's motion to quash the venire, one of the jury commissioners testified that women were selected for the venire from which appellant's jury was chosen; and in his qualifications to appellant's bill of exceptions regarding this hearing, the state trial judge asserted that women with school-age children were included on the venire, and in fact did serve as jurors in other cases. But even if we ignore this evidence and accept appellant's view of the facts, appellant has still not met her burden of showing discrimination against a distinct, identifiable class in the selection of the venire. Whitus v. Georgia, 385 U.S. 545, 87 S.Ct. 643, 17 L.Ed.2d 599 (1967); Hernandez v. Texas, 347 U.S. 475, 74 S.Ct. 667, 98 L.Ed. 866 (1954); United States v. Kuhn, 5th Cir. 1971, 441 F.2d 179. We note that the Texas statutes in effect at the time of appellant's trial required the clerk of the court to furnish to the jury commissioners a list of potential veniremen who were exempt from petit jury service, Tex.Rev.Civ.Stat.Ann. art. 2107, including "females who have legal custody of a child or children under the age of sixteen (16) years." Tex.Rev.Civ.Stat.Ann. art. 2135. If it is true that the jury commissioners excluded women with children under the age of *eighteen*, rather than *sixteen*, then they may have excluded a group larger than that specified by the Texas statutes. But whether the jury commissioners complied with the letter of Texas law in their choice of veniremen is a different question from whether their error, if any, assumed constitutional magnitude. There is nothing to suggest that women with children between the ages of sixteen and eighteen—or, for that matter, women with children under sixteen—constitute a recognizable class against whom discrimination in jury selection is prohibited. Surely appellant would not argue that community prejudices manifest a recognition of these groups as distinct classes, *see Hernandez, supra*; and she has not attempted to show that women with school-age children are a group whose exclusion "will deprive the jury of a perspective on human experience" without which appellant could not be fairly tried. Peters v. Kiff, 407 U.S. 493, 92 S.Ct. 2163, 33 L.Ed.2d 83 (1972).

■ Likewise, we cannot accept appellant's contention that the jury commissioners wrongfully included among the veniremen a Mrs. Hilliard, the wife of a Baptist minister and a woman whom they considered intelligent and responsible. Not only has appellant failed to explain how Mrs. Hilliard's presence on the venire prejudiced her, but she has failed to persuade us that, in selecting Mrs. Hilliard, the jury commissioners were not simply fulfilling their statutory duty of selecting veniremen "of good moral character, of sound judgment, well-informed, and, so far as practicable, able to read and write. . . ." Tex. Rev.Civ.Stat.Ann. art. 2110.

■■ Lastly, we reject the argument that the state trial judge wrongfully denied appellant's request that a transcript of the voir dire examination be included in the record on appeal, to enable her to establish her claims of wrongful exclusion and inclusion. The transcript of the voir dire—the interrogation of members of the venire by the lawyers who tried the case—might be relevant to a claim that the State improperly used its peremptory challenges to effect a discriminatory selection of the jury that tried appellant, *see* Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); but it is immaterial to an allegation that discrimination occurred at an altogether different stage in the proceedings, the jury commissioners' selection of the venire from which appellant's jury was ultimately chosen. The "record of sufficient completeness" contemplated by Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), comprehends only those matters germane to points raised on appeal. Mayer v. City of Chicago, 404 U.S. 189, 92 S. Ct. 410, 30 L.Ed.2d 372 (1971).

Affirmed.