**W. B. HOGAN, Petitioner,**

v.

**W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent.**

Civ. A. No. 5–74–113.

United States District Court,
N. D. Texas,
Lubbock Division.

April 14, 1975.

Carroll Cobb, Lubbock, Tex., for petitioner.

John L. Hill, Atty. Gen., State of Tex., Jack Boone, Asst. Atty., Gen., State of Tex., Austin, Tex., for respondent.

### MEMORANDUM AND ORDER

WOODWARD, District Judge.

Petitioner, W. B. Hogan, is a state prisoner, pursuant to judgment and sentence of the 99th District Court of Lubbock County, Texas, in Cause No. 13,670. He was convicted by jury under an indictment charging him with the felony offense of murder with malice and on the 4th day of May, 1972, the judge of the trial court, in accordance with the punishment assessed by the jury, sentenced Petitioner to serve an indeterminate term of not less than two years nor more than twenty years in Texas Department of Corrections. The Court of Criminal Appeals of Texas affirmed the conviction. *Hogan v. State*, 496 S.W.2d 594 (Tex.Crim.1973).

■ Petitioner has filed application for writ of habeas corpus pursuant to Title 28, United States Code, Section 2241 et seq., and is proceeding in forma pauperis. He challenges the above conviction, contending that (1) he was indigent and was denied his constitutional rights when the trial court appointed a clinical psychologist to examine him, instead of appointing a qualified psychiatrist; (2) he was denied effective assistance of counsel because appointed counsel failed to have him examined by a psychiatrist, failed to object to the lack of such examination by a psychiatrist, failed to demand a trial on the issue of present sanity, failed to object to an outburst by a prospective juror regarding his prejudice against the defense of insanity, failed to subpoena witnesses for the defense, failed to conduct a thorough investigation prior to trial, and failed to allow Petitioner to testify in his own defense; and (3) he was denied effective assistance of counsel on appeal because appointed counsel on appeal did not raise the issues concerning effective assistance of trial counsel. Petitioner presented the first challenge to the Court of Criminal Appeals of Texas on direct appeal. The Court of Criminal Appeals of Texas rendered a comprehensive opinion on the issue as to whether Petitioner was denied his constitutional right to due process of law, equal protection of law and effective assistance of counsel when the trial court had him examined by a clinical psychologist instead of by a psychiatrist. That comprehensive opinion is supported by the record and by the testimony at the evidentiary hearing and is adopted by the Court. *Bradley v. Texas*, 5th Cir. 1972, 470 F.2d 785. This Court concludes that Petitioner's first challenge is without merit.

Petitioner had presented the second and third challenges to the convicting court by application for writ of habeas corpus. The state trial court did not conduct an evidentiary hearing, but filed findings of fact and conclusions of law, and the Court of Criminal Appeals of Texas denied the application for writ of habeas corpus upon the findings of the trial court without hearing. Petitioner has exhausted available state remedies.

■ Petitioner's challenge to effectiveness of counsel could not be resolved by the state court record and this Court appointed counsel to represent Petitioner and conducted an evidentiary hearing on February 26, 1975. Petitioner's testimony at the evidentiary hearing in this case was directed primarily at his contention that the court appointed specialist who examined him on his insanity defense was a clinical psychologist instead of a psychiatrist and that although the psychologist testified very favorably to Petitioner's defense his testimony was rejected by the jury. The thrust of his challenge is that had he been examined by a qualified psychiatrist, and if the psychiatrist had testified to the same facts to which the psychologist testified, the jury might have believed the psychiatrist. Petitioner emphasized that he did not want to make ineffective assistance of counsel an issue, but that it was counsel's idea to have him examined by a psychologist instead of by a psychiatrist and that Petitioner had no choice in the matter. Also, he wanted to testify at trial, but the attorney would not let him testify. In his opinion, his failure to testify led the jury to believe that he was hiding something.

The appointed counsel testified that he had practiced in Lubbock County for approximately eight years, principally as a civil and criminal trial lawyer. He estimated that he had participated in fifteen felony trials during his period of practice. He was appointed to represent Petitioner approximately forty days before the trial. Counsel testified that he worked steadily preparing for trial and was ready when the case was called. In his opinion he had adequate time to prepare for trial.

Counsel conducted a detailed investigation, interviewed persons who had known Petitioner prior to the transaction that led to his conviction, and formed the opinion that an insanity defense was the only defense available. He first contacted each psychiatrist in the county and requested that the psychiatrist examine Hogan. Each

told counsel that under no circumstance would he examine a criminal accused for purposes of testifying at trial. He knew Dr. Wall, the clinical psychologist, by reputation and when he could get no cooperation from psychiatrists counsel contacted Dr. Wall. The Court appointed Dr. Wall to examine Petitioner who examined him approximately one week prior to trial. Dr. Wall's testimony was most favorable to Petitioner's insanity defense. The attorney thought Dr. Wall was the best witness he had ever put on the stand in any case but the jury rejected his testimony. Counsel testified further that had he the case to try over, he would still have used Dr. Wall's testimony, because with the attitude of the local psychiatrists, he would not take a chance on relying on their testimony.

He did not raise the defense of insanity at the time of trial at Mr. Hogan's instance, because Mr. Hogan said that he did not want to go to Rusk, the institution for the criminally insane in Texas.

His investigation reflected much evidence that Petitioner was intoxicated at the time of the offense. There was not much evidence before the jury that Petitioner had been drinking. Counsel testified that had Petitioner taken the stand in his own defense, he would have had to admit that he had been drinking and the actions and reactions upon which he was relying to show insanity at the time of the offense could then be explained as having been caused by intoxication. Therefore, he advised Petitioner against taking the stand because it would destroy the only defense available.

This Court finds that in every respect Petitioner was afforded effective assistance of counsel, at trial and on appeal. Petitioner's sole challenge to effectiveness of appointed appellate counsel was that he did not raise the issue of ineffectiveness of trial counsel as a basis for reversal of the conviction. Certainly the standard of representation afforded Petitioner at trial and on appeal was well within that announced in *McKenna v. Ellis,* 5th Cir. 1960, 280 F.2d 592, wherein the Fifth Circuit defined reasonably effective counsel to mean not error-less counsel, nor counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance.

This Court concludes that Petitioner was not denied effective assistance of counsel at trial and that there was no reason for counsel on appeal to have challenged the effectiveness of trial counsel. It is, therefore, ORDERED by the Court that the application of W. B. HOGAN for writ of habeas corpus be, and it is hereby, DENIED and DISMISSED.

This is a final judgment.